JAMES CHAPLIN

*v.*

THE HIGHWAY COMMISSIONERS OF THE TOWN OF WHEATLAND.

*Filed at Ottawa October 31, 1889.*

1. EMINENT DOMAIN—*compensation for land taken, and damages as to land not taken—section 8 of the Road and Bridge act of 1853—constitutionality.* Under our constitution, the owner of land over which the commissioners of highways seek to dig a ditch or drain, under section 8 of the Road law of 1883, is entitled to compensation for the land actually taken for such ditch or drain, and also to the damages to the land not taken.

2. The land owner must be paid the value of the ground used for a ditch, and if the value of his farm is impaired by being divided into two parts, or by being partially overflowed, or is otherwise damaged, he must also be paid for such injury or damage.

3. Section 8 of the Road and Bridge act of 1885, which provides that when a ditch or drain is sought across the land of another, the land owner shall be summoned before a justice of the peace, "for the purpose of having the damage assessed which such owner may sustain by reason," etc., is broad enough to cover compensation for the land taken and also damages to the land not taken, and is therefore not in conflict with section 8 of the Bill of Rights. The word "damage" is used in the statute in the broader sense of indicating the total loss the owner would suffer by having the ditches on his land.

4. Same—*necessity for a public use.* In order to authorize the commissioners of highways to institute a proceeding to condemn land for a ditch or drain under section 8 of the Road and Bridge law of 1885, a necessity must exist for such a ditch or drain in order to carry off the water from the highway, or to drain a pond or slough on the highway. Private property can only be condemned for a public use. This necessity must be made to appear in order to give jurisdiction to the justice of the peace.

5. Same—*necessity—by whom and how found.* Whether or not it is necessary to carry off the water from a highway or to drain a slough or pond on the highway, is a matter which must be determined by the highway commissioners when acting in their official capacity, and their determination or finding can be shown only by the record of their proceedings.

6. The record required to be kept by the town clerk by section 10 of the Road and Bridge act, must show, when the commissioners enter upon a man's land to dig or open a ditch, that they have previously determined, as an official body, that such entry is necessary in order to carry off the water from the highway, or to drain a slough or pond thereon. The evidence that the ditch is necessary for the purposes specified, must be in the record of the official proceedings of the board.

7. Parol evidence, upon a proceeding to condemn land before a justice of the peace, that the digging of the ditch was necessary in order to carry off the water from the highway, is incompetent and inadmissible. That fact can be proved only by the record of the official acts and proceedings of the commissioners of highways.

8. Same—*inability to agree with the land owner—jurisdictional.* In order to give a justice of the peace jurisdiction of a proceeding by the commissioners of highways for the purpose of condemning land for a ditch to carry off waters from a highway or slough therein, it must be shown, by legal and competent evidence, that the land owner refused

to give his consent to the cutting of the ditch after the offer of what the commissioners found was a fair compensation. Without an offer, the owner can not refuse, in the sense of the statute.

9. It is the duty of the commissioners, when they ask for the consent of the owner to open a drain on his land, to accompany their request with an offer of "just compensation," and then, when they fail to agree with him as to the amount of compensation, they can apply to the justice. But the determination of the commissioners to negotiate with an owner for leave to take a part of his premises for a ditch, is a matter which must be the subject of official, corporate action, and must be proven by the official record of the board. The record of their proceedings must also show the failure to obtain the owner's consent, and a consequent resolution to apply to the justice with a view of having the damages assessed.

APPEAL from the Appellate Court for the Second District;— heard in that court on appeal from the Circuit Court of Will county; the Hon. DORRANCE DIBELL, Judge, presiding.

Mr. E. MEERS, and Mr. D. GILMORE, for the appellant.

Messrs. A. F. MATHER, and Mr. A. O. MARSHALL, for the appellees.

Mr. JUSTICE MAGRUDER delivered the opinion of the Court:

This is a bill filed by appellant in the Circuit Court of Will County for the purpose of enjoining the appellees, Highway Commissioners of the town of Wheatland in said county, from digging a ditch across a portion of appellant's farm in the town of Plainfield in said county. A public highway runs east and west between the towns of Wheatland and Plainfield, and north of the eighty acres, owned by appellant, upon which it is proposed to open said ditch.

On June 20, 1885, the highway commissioners instituted a proceeding before a justice of the peace, under Section 8 of the Roads and Bridges Act, (Starr & Cur. Stat. chap. 121, page 2138) and therein obtained a verdict assessing the damages for digging the ditch at $12.00. Appellant took an appeal from the justice to the Circuit Court, but his appeal was

dismissed. The appellees claim the right to open and dig the
ditch by virtue of the proceeding before the justice; appellant
charges that such proceeding was illegal and invalid. The
facts are more fully stated in *Chaplin* v. *Commissioners, etc.*
126 Ill. 264. The case is brought here for the purpose of
reviewing the decree of the Circuit Court, which dismissed the
bill for want of equity.

Counsel for appellant claim that section 8 of the Act, ap-
proved June 23, 1883, in regard to roads and bridges, etc., is
unconstitutional upon the alleged ground that it allows no
compensation for property taken. Section 13 of the Bill of
Rights provides that "private property shall not be taken or
damaged for public use without just compensation." By the
terms of section 8 of the Act, the owner is summoned before
a justice of the peace "for the purpose of having the damage
assessed which such owner may sustain by reason of the dig-
ging or opening of such ditches or drains."

Undoubtedly the owner of the land is entitled to compen-
sation both for the land actually taken for the purposes of a
ditch or drain, and also for the damages to the land not taken.
He must be paid the value of the ground used for a ditch, and,
if his farm is injured by being divided into two parts, or by
being partially overflowed, or is otherwise damaged, he must
also be paid for such injury or damage. But the language of
the section is broad enough to cover compensation for the land
taken, and also damages to the land not taken. The jury are
to assess the "damage," which the owner may sustain by rea-
son of the digging or opening of the ditch. The word "damage,"
as here used, is not to be taken in the restricted sense, in
which it is used in the constitution as indicating private prop-
erty which is "damaged" and not "taken." It is used in the
broader sense of indicating the total loss which the owner may
suffer by reason of the digging of the ditch or drain. Such
total loss consists of the value of the ground which is taken
from him to be used for a ditch, and also the injury which the

remainder of his land may sustain on account of such use of the part taken. Hence, we do not think the section is unconstitutional for the reason insisted upon.

But, in the present case, there is a serious and fatal objection to the proceeding before the justice for the assessment of damages. Two facts must exist before the justice can take jurisdiction. *First,* a necessity must exist for digging the ditch upon the owner's land in order to carry off the water from the highway, or to drain a slough or pond on the highway. Private property can only be condemned for a public use. The public will not be benefited by the ditch, if no necessity exists for draining the water from the highway which belongs to the public. Whether or not it is necessary to carry off the water from the highway, or to drain a slough or pond on the highway, is a matter which, by the terms of section 8, must be determined by the highway commissioners. In determining upon the existence or non-existence of such necessity, the highway commissioners can only act in their official capacity as a board.

Section 10 of the Roads and Bridges Act provides that the town clerk shall be *ex officio* clerk of the board of highway commissioners, and "shall keep a record of all the official acts and proceedings of the board in a well-bound book to be provided for that purpose, which record shall be signed by the president and clerk." The record so required to be kept must show, that, where the commissioners enter upon a man's land to dig or open a ditch, they have previously determined as an official body, that such entry is necessary in order to carry off the water from the highway, or to drain a slough or pond thereon. The evidence that the ditch is necessary for the purpose specified in the statute must be in the record of the official proceedings of the board.

In the present case, there was no evidence that the commissioners ever took any official action as to the necessity of the drain. An attempt was made upon the trial below to show

by parol testimony, that the digging of the ditch was necessary in order to carry off the water from the highway. This was clearly improper, and the objection to it made by appellant should have been sustained. A record of the action of the board upon the subject should have been produced.

The second fact necessary to be shown, in order to give the justice jurisdiction, is the refusal of the owner to give his consent to the cutting of the ditch. No owner can be compelled to permit a ditch to be cut across his land, unless an offer is made to compensate him therefor. When section 8 uses the language, "that, unless the owner of such land, or his agent, shall first consent to the cutting of such ditches, the commissioners shall apply to any justice," etc., the meaning is: "unless the owner   *   *   *   shall first consent," etc., after the commissioners have offered him an amount deemed by them to be a just compensation for the damage to be sustained by him. This is apparent from section 15 of the act, where the following words are used: "when damages *have been agreed upon* * * * for ditching to drain roads." It certainly could never have been the intention of the law, that the commissioners should take steps to condemn land, unless the owner *gave* land enough for a ditch, and *waived all damages* without any compensation whatever.

It is, therefore, the duty of the commissioners, when they ask for the consent of the owner to open a drain on his land, to accompany their request with an offer of "just compensation." When they fail to agree with him upon the amount of the compensation, they can then apply to the justice. But the determination of the commissioners to negotiate with an owner for leave to take a part of his premises for a ditch is a matter which must be the subject of official, corporate action, and must be proven by the official record of the board. The record of their proceedings must also show the failure to obtain the owner's consent, and a consequent resolution to apply to the justice with a view of having the damages assessed.

In the present case, there was no proof of any kind, either oral or by the record, that the commissioners had sought to obtain the consent of the appellant in the way contemplated by the statute. The views here expressed are sustained by the following cases: *The People ex rel. Peter Greenwood et al.* v. *The Board of Supervisors of Madison County,* 125 Ill. 334; *Reed* v. *O. & M. Ry. Co.* 126 id. 48.

For the reasons here stated the decree of the Circuit Court is reversed, and the cause is remanded to that court with directions to proceed in accordance with the views here expressed.

*Decree reversed.*