Points Decided.

(March 5, 1909.)

# A. H. EAGLESON, G. G. EAGLESON, WILLIAM H. THOMPSON, and W. C. ANNETT, Appellants, v. O. RUBIN; Defendant, and IDAHO NATIONAL BANK and ALBERT O. RUBIN, Garnishees, Respondents.

[100 Pac. 765.]

ATTACHMENT—GARNISHMENT—SERVICE OF PROCESS—DUE PROCESS OF LAW—DEFAULT—ENLARGING TIME TO PLEAD.

1. The right of attachment is purely of statutory regulation, and where the statute provides the procedure in such cases, the plaintiff is required to pursue such course in order to sustain his action against the garnishee.

2. Where a statute requires that the garnishee be served with the writ and notice of attachment, which fully advises him of the nature and character of the proceedings against him, and he is given an opportunity to be heard in court and contest the merits of the claim made against him, his rights are in no way abridged by reason of the fact that he was brought into court in response to a writ or notice different in form or name from an ordinary summons.

3. "Due process of law," as used in sec. 13, art. 1 of the constitution of this state, and also in the constitution of the United States, as applied to judicial proceedings, means that every litigant shall have the right to have his cause tried and determined under the rules of procedure, the same as are applied to other similar cases; and when this is afforded to him, a defendant cannot claim that due process of law is not being observed.

4. The act of March 2, 1907 (Rev. Codes, secs. 4310a–4310n, inclusive), makes full provision for notice to be given to the garnishee of the nature and character of the claim made against him, and gives him full opportunity to appear and contest such claim and have the merits tried as ordinary actions are tried.

5. *Held,* that the act of March 2, 1907 (Rev. Codes, secs. 4310a–4310n, inclusive), is constitutional.

6. The default provided for in Rev. Codes, sec. 4310c, is the default for want of an answer and does not mean a default judgment. The judgment or liability of the garnishee cannot be entered until the case is proven upon the issues presented as any other cause must be proven.

7. The provisions of Rev. Codes, sec. 4310f, in relation to the time in which the garnishee must answer, relate to pleadings, and

until default is entered for want of an answer, the court possesses the power to permit answer to be made and to extend or enlarge the time in which the same may be made, and to open and set aside such default for good cause shown, as in other actions.

(Syllabus by the court.)

APPEAL from the District Court of the Third Judicial District, for Ada County. Hon. Fremont Wood, Judge.

An action in which attachment and garnishee process is issued. Judgment for defendant. *Reversed.*

Hugh E. McElroy, and Frank Martin, for Appellants.

The courts have frequently held that the garnishee may be in default for answer within the time provided; yet under such circumstances the garnishee is entitled to the relief usually allowed where a party is in default for pleading. (9 Ency. of Law, 830; *Talladega Merc. Co. v. McDonald,* 97 Ala. 508, 12 So. 34; *Penn v. Pelan,* 52 Iowa, 535, 3 N. W. 540; *McCallum v. Brandt,* 48 Ga. 439; *Proseus v. Mason,* 12 La. 16.)

Sec. 3241, Idaho Codes, 1901, authorizes the court to enlarge the time for answer or demurrer. (See, also, *Bowers v. Dickerson,* 18 Cal. 420; *Accock v. Halsey,* 90 Cal. 220, 27 Pac. 193.)

The courts apply the ordinary rules in setting aside defaults against garnishees. (*Bower v. Hansen,* 129 Iowa, 148, 105 N. W. 394; *Travelers' Ins. Co. v. Wolcott,* 144 Mich. 687, 108 N. W. 363.)

If the garnishment law of this state is unconstitutional and void, then we are still entitled to proceed against these garnishees under the law heretofore existing under which attachment notices attaching "all moneys, goods, credits, effects" belonging to the defendants were regularly served in this case.

The sufficiency of the process is purely a matter of law and not of fact. Everyone is presumed to know the law and the duties imposed by it when the attachment notice is served,

regardless of the directions and statements of the writ. (*Claflin, Mellen & Co. v. Iowa City*, 12 Iowa, 284.)

Wyman & Wyman, and Cavanah & Blake, for Respondents.

The garnishment proceedings in this case are illegal and void, because the act of 1907 (Rev. Codes, secs. 4310a-4310m, inclusive), under which they were instituted, is unconstitutional. This act is silent as to the service upon the garnishee of any notice, or copy of any exception or answer. Before a court can order judgment against a garnishee the law must provide a method of serving upon him a summons or process of the time of the hearing. The service of a writ of attachment is not sufficient to warrant a court in entering judgment against the garnishee in the original proceedings between the plaintiffs and the defendant.

"When a debt claimed to be due by one person to another is attached as provided for by sec. 4309, Rev. Stat., and such person has been examined under sec. 4310, and the existence of liability denied, the court or judge has no power to order a judgment against such alleged debtor upon such examination." (*Lindenthal v. Burke*, 2 Ida. 571, 21 Pac. 419; *West Side Bank v. Pugsley*, 47 N. Y. 368; *Adamson v. Frasier*, 40 Or. 273, 66 Pac. 810, 67 Pac. 300.) "Nor shall any state deprive any person of life, liberty or property without due process of law." (U. S. Const., 14th Amendment; Idaho Const., sec. 13, art. 1.)

If the act of 1907 is constitutional, then the court had no power or jurisdiction to make the order of April 8th, extending the time for the plaintiffs to answer or to except to the answer of the Idaho National Bank. (Rev. Codes, sec. 4310f.)

In Alabama and Mississippi, where the statute required the answer of the garnishee to be traversed during the term, which is equivalent to the requirements of our statute that the answer be denied or excepted to within three days, the courts held that they cannot grant further time for this purpose after the term. (*Cross v. Spillman*, 93 Ala. 170, 9 So. 362; *Brake v. Curd Sinton Mfg. Co.*, 102 Ala. 339, 14 So. 773;

*Lindsay v. Morris,* 100 Ala. 546, 13 So. 619; *Consumers' Ice Co. v. Cook Well Co.,* 71 Miss. 886, 16 So. 259.)

STEWART, J.—The appellants, A. H. Eagleson, G. G. Eagleson, William H. Thompson and W. C. Annett, brought an action against O. Rubin in the district court of Ada county, Idaho. On April 1, 1908, the plaintiff caused a writ of attachment to issue out of said court in said cause, and served on the same date upon the Idaho National Bank, as garnishee, and on April 2d, upon Albert O. Rubin, garnishee, together with certain interrogatories. The notice served upon each of said garnishees being as follows:

"You will please take notice, that all moneys, goods, credits, effects, debts due or owing, shares of stock in any corporation or association, and all other personal property in your possession or under your control belonging to the defendants named in the writ, of which the annexed is a copy, or to either of them, are attached in pursuance of said writ, and you are hereby notified not to pay over or transfer the same to any one but myself.

"Please furnish statement.

"You are required to make full and true answers, under oath, to the following interrogatories and to file them in this cause, within five days after the service upon you of this notice. Should you fail so to do, the plaintiff may take judgment against you by default, or the court may, upon motion, compel you to answer by attachment."

Then follow certain interrogatories propounded to the garnishee and the notice is signed by the sheriff.

On the 4th day of April the Idaho National Bank made answer to the interrogatories propounded and denied any indebtedness to O. Rubin, the defendant in the main action; or that the bank had any moneys or funds belonging to O. Rubin. On the 7th day of April the garnishee, Albert O. Rubin, made answer to the interrogatories and stated in effect that he had no money or property in his possession or under his control or in the Idaho National Bank belonging to the defendant, O. Rubin. On April 8th counsel for plaintiffs

applied to the judge of the district court, in which such action was pending, for an order extending the time in which plaintiffs might except or answer the answer of the garnishees, Rubin and the Idaho National Bank. The judge made an order on April 8th extending the time to April 15th for plaintiffs to except or answer the answer of the garnishees, Rubin and the Idaho National Bank. On April 15th the plaintiffs filed their exceptions and answer to the answer of the bank and Albert O. Rubin. On April 21st the bank filed a motion to set aside the order made by the judge on April 8th extending the time of plaintiffs to April 15th to except to and answer the answer of the garnishees upon the ground that the court had no jurisdiction to make said order, as the time within which plaintiffs had to file their exceptions or answer had expired prior to the time such order was made; and upon the further ground that the act approved March 2, 1907, under which the proceedings in garnishment were had, was unconstitutional. On April 21st Albert O. Rubin filed a reply to the answer of the plaintiffs to his answer, and set forth therein practically the same matters as were alleged in the motion of the Idaho National Bank. On August 3d the court made an order sustaining the motion of the Idaho National Bank and dissolving the attachment proceedings served upon Rubin and the bank, and released the garnishees from any liability to the plaintiffs under said garnishment or attachment proceedings.

From this order plaintiffs appeal. Two questions are presented by the appeal and relied upon by appellants as follows:

First: Is the act of March 2, 1907 (Rev. Codes, sec. 4310a et seq.), unconstitutional and void?

Second: Did the trial judge have power or jurisdiction to extend the time for plaintiffs to except to or answer the answer of the garnishees after the expiration of the three days from the time of filing such answer?

The contention of respondent, as we understand it, is that, as no provision is made under the attachment or garnishment law authorizing the issuance and service upon the garnishee

of proper process from the court before judgment is obtained against him, to enter judgment against the garnishee, in the absence of such process, would amount to the taking of property without due process of law, and therefore in violation of the fourteenth amendment to the constitution of the United States and sec. 13, art. 1 of the constitution of Idaho.

The statute, prior to the amendment of 1907 (Rev. Codes, sec. 4307), required the sheriff, to whom the writ of attachment is directed, to execute the same (subd. 5):

"Debts and credits, and other personal property, not capable of manual delivery, must be attached by leaving with the person owing such debts, or having in his possession, or under his control, such credits or other personal property, or with his agent, a copy of the writ, and a notice that the debts owing by him, to the defendant, or the credits or other personal property in his possession, or under his control, belonging to the defendant, are attached in pursuance of such writ."

Rev. Codes, sec. 4308, requires the sheriff "upon receiving information in writing . . . . that any person has in his possession or under his control, any credits or other personal property belonging to the defendant, or is owing any debt to the defendant, the sheriff must serve upon such person a copy of the writ, and a notice that such credits, or other property or debts, as the case may be, are attached in pursuance of such writ."

Sec. 4309 makes all persons, having in their possession or control property or credits belonging to the defendant at the time of service of the writ, unless they deliver up the same, liable to the plaintiff for the amount thereof. Sec. 4310 provides for an examination of the garnishee with reference to any indebtedness due from him to the defendant or any property he may have under his control.

We thus see that at the time the act of March 2, 1907, became a law, the statute provided for serving upon the garnishee the writ of attachment and notice that any property or credits in his hands was attached; and also provision was made for examination of the garnishee with reference to any

indebtedness due from him to the defendant or any credits or property in his custody or control belonging to the defendant, and that provision was made for entering judgment against the garnishee upon his failure to pay over or deliver such credits or property to the sheriff. The act of March 2, 1907, is supplemental to the statute as it existed prior to that time, and was intended to make further provision for examination of the garnishee and provide a method for the trial of the question of indebtedness existing between the garnishee and the defendant, or the ownership of any property in the hands of or under the control of the garnishee belonging to the defendant. To accomplish this end the act of March 2, 1907 (Rev. Codes, sec. 4310b), provides that written interrogatories may be delivered to the garnishee at the time of serving notice of garnishment. The notice of garnishment thus referred to is the writs and notices provided for in secs. 4307, 4308, 4309, 4477, 4688 and 4389, and 4744. Sec. 4310c, Rev. Codes, requires the garnishee to make answer to such interrogatories, and if he fails so to do, that judgment against him, by default, may be taken, or the court may compel him to answer the same, but that final judgment shall not be rendered against the garnishee until entered against the defendant.

Sec. 4310d provides that the plaintiff may except to the answer of the garnishee, and if insufficient it may be amended. The following section 4310e provides that the plaintiff may deny the answer of the garnishee, to which the garnishee may reply; and that the issue thus formed shall be tried as ordinary issues between plaintiff and defendant and judgment rendered thereon. Sec. 4310f provides that if the answer of the garnishee be not excepted to or denied within three days after its filing, unless the court or judge in vacation, for good cause shown, gives longer time, it shall be taken to be true and sufficient, and if an indebtedness is admitted, judgment shall be rendered accordingly, and if all liability is denied and the denial is uncontroverted, the garnishee shall be discharged.

Sec. 4310g provides that if the garnishee admits in his answer that he is indebted or has money or property of the defendant and fails to turn the same over, the plaintiff may have judgment against the garnishee for the amount or for the delivery of money or property in his hands sufficient to satisfy the plaintiff's demand. Sec. 4310h provides that if the garnishee shall allege in his answer that he is indebted to the defendant, but declare his belief under oath that the debt has been assigned to some other person and the plaintiff shall reply, denying such fact, the court shall make an order requiring the assignee to appear and show cause why the assignment should not be disregarded.

Sec. 4310j provides that the defendant in the main action may, by proper pleading, filed in the garnishment proceedings, set up any facts showing that the debt or the property with which it is sought to charge the garnishee is exempt from execution, or for any other reason is not liable for the plaintiff's claim, and if an issue thereon be joined, it shall be tried with the issues as to the garnishee's liability.

Thus it will be seen that the statute requires that the garnishee shall be served with the writ of attachment, with notice that any property or money, etc., in his hands has been attached and with interrogatories, the answer to which is required, and he is given full opportunity to answer the same. By such notice he is fully advised of the claim made by the plaintiff, and given full opportunity to answer the same. The issue formed under the statute, consisting of his answer, the plaintiff's answer thereto and his reply, presents an issue of fact which under the statute is required to be tried as an ordinary issue between plaintiff and defendant. It would seem that he is as fully advised as a defendant in an ordinary action. He is given the same opportunity to answer and present an issue as a defendant is given in an ordinary action. The issue thus presented is tried in the same way as the issues in an ordinary action. He is given every right and privilege given a defendant brought into court by the service of summons. Under the provisions of this stat-

ute, the garnishee has his day in court, and is given full opportunity to present and have heard every question of fact proper in such case. But it is argued that the statute makes no provision for the service of the pleadings filed under the provision of this act, and therefore the garnishee is not advised of the issue presented by the plaintiff to his answer. Sec. 4220, Rev. Codes, is as follows:

"All pleadings subsequent to the complaint must be filed with the clerk, and copies thereof served upon the adverse party, or his attorney."

This section would seem to apply to all cases where relief is sought and the opposing party is given the right to tender an issue thereon. The pleadings forming such issue are required to be filed and served as provided in this statute, and we think this course should be pursued with reference to pleadings filed by the garnishee, as well as the plaintiff; but, even if it be conceded that the statute governing the service of pleadings does not apply in a proceeding against a garnishee, this ·fact alone would not render unconstitutional the statute governing such proceeding. The right of attachment by garnishment was unknown to the common law, and is purely of statutory regulation, and where the statute provides for the procedure in such cases, the plaintiff is only required to pursue such course in order to sustain his action against the garnishee. As said by Waples on Attachment and Garnishment, sec. 469:

"Garnishment is the admonition judicially given to the attachment defendant's debtor or holder of property, warning him against payment or restoration to the defendant, and bidding him hold the property or credit subject to the order of court. It is the process by which the garnishee is brought into court, and also that by which the defendant's credit or property is attached in the garnishee's hands. Its service is constructive seizure by notice. It is attachment in the hands of a third person."

The mere fact that the garnishee is not served with a summons or with a copy of the pleadings would not deprive him of his day in court or deny him "due process of law." If

the notice given him brings him into court and gives him full opportunity to have his day in court and have a hearing on the merits of the cause, his rights are not in any way abridged by reason of the fact that he was brought into court in response to a writ or notice different in form or name from an ordinary summons. "Due process of law," as used in sec. 13, art. 1 of the constitution of this state, and also in the constitution of the United States, when applied to judicial proceedings, means that every litigant shall have the right to have his cause tried and determined under the rules of procedure, the same as are applied to other similar cases, and when this is afforded to him, a defendant cannot complain that "due process of law" is not being observed.

"Due process of law," when applied to judicial proceedings, means a course of legal proceedings according to those rules and principles which have been established by our system of jurisprudence for the protection and enforcement of private rights. (*Pennoyer v. Neff*, 95 U. S. 714, 24 L. ed. 565; *In re McPhee's Estate*, 154 Cal. 385, 97 Pac. 878; *Case v. Noyes*, 16 Or. 329, 19 Pac. 104; Waples on Attachments, c. 13; 1 Shinn on Attachment and Garnishment, secs. 22, 23; 8 Cyc., p. 1095.)

An examination of the statute under consideration discloses that full opportunity is given the garnishee to be heard and to litigate and contest his rights, and that the procedure is governed by the same rules as are applied to similar cases. He is given every right granted to a defendant in ordinary actions. His rights are in no way abridged or circumscribed under the statute. We are unable to discover any respect in which this statute is in violation of the provisions of the constitution of this state or the constitution of the United States.

Sec. 3 of this act (Rev. Codes, sec. 4310c) provides:

"Upon a copy of the interrogatories being served upon him, the garnishee shall make full and true answer to the same under oath and filed in the cause within five days thereafter. If he fails to do so, the plaintiff may take judgment

against him by default, or the court may, upon motion, compel him to answer by attachment. But no final judgment shall be rendered against the garnishee until there shall be a final judgment against the defendant; nor shall judgment be rendered for a greater amount than the debt claimed by the plaintiff," etc.

The default provided for in this section is the default for want of an answer on the part of the garnishee. It does not mean a default judgment or that judgment may be rendered against the garnishee for the amount claimed by the plaintiff to be due from the garnishee to the defendant, but is a mere declaration that the garnishee failed to appear and answer. The judgment or liability of the garnishee, however, cannot be determined or entered until the plaintiff has proven his case—that is, proven the indebtedness existing from the garnishee to the defendant or the property under the control of such garnishee; and the final judgment can only be entered against the garnishee after the case has been proven both against the defendant and garnishee, and should be for the amount found due from the defendant to the plaintiff, or such portion thereof as may be found due from the garnishee to the defendant. This statute does not authorize the court to enter a money judgment against the garnishee upon the mere failure to answer the interrogatories within the time fixed by statute. The case must be proven and the liability fixed under the proof, after which the final judgment may be entered.

Under the provisions of sec. 6 (Rev. Codes, sec. 4310f):

"If the answer of the garnishee be not excepted to, or denied within three days after its filing, unless the court, or judge in vacation, for good cause shown, gives longer time, it shall be taken to be true and sufficient."

In the case under consideration the plaintiff did not except to or deny the answer of the garnishee, the Idaho National Bank, within three days after its filing, and thereafter applied to the court for further time in which to answer the garnishee. This the trial court granted, and it is contended that after the three days had expired, the court

lost jurisdiction to extend the time in which the plaintiff might answer. While, under this statute, the plaintiff is given three days to except to or deny the answer of the garnishee, yet until his default for want of an answer is filed, the court still possesses the power to permit answer to be made or to extend or enlarge the time to plead. The question is wholly a question of pleading. (Rev. Codes, secs. 4229, 4932.)   Under the statutes above quoted, we think it was within the power and jurisdiction of the court to extend and enlarge the time for the plaintiff to answer the answer of the garnishee.

From what has been said it follows that the trial court erred in sustaining the motions of the garnishees in setting aside and discharging the attachment and garnishee proceedings. The trial court should have overruled this motion and proceeded to try the issues presented by the garnishee's answer and the exceptions and answer of the plaintiff thereto, and the garnishee's reply, as ordinary actions are tried.

The judgment is reversed and the court directed to proceed in accordance with this opinion. Costs awarded to appellant.

Sullivan, C. J., and Ailshie, J., concur.