Points Decided.

(June 21, 1919.)

## DRAINAGE DISTRICT No. 2 OF CANYON COUNTY, IDAHO, and LEE YOUNG, FRANK B. SUPLEE, and D. R. DURHAM, Commissioners, Respondents, v. EXTENSION DITCH COMPANY, a Corporation, M. W. WATTS, JOHN A. BOWERS, PAYETTE NATIONAL BANK, a Corporation, FIRST NATIONAL BANK OF PAYETTE, a Corporation, GORDON E. STONE, and ELIZABETH G. TOOLE, Appellants.

[182 Pac. 847.]

Drainage Districts—Orders—Res Adjudicata—High Lands—Notice, Service of—Effect of General Appearance—Eminent Domain, Exercise of by Drainage Districts — Due Process — Damages, Manner of Awarding and Paying — Assessments — Benefits— Responsibility, Ascertainment of—Enhanced Value—Verdict —Correction of Record.

1. The order of a district court, made following the hearing of a petition to organize a drainage district, declaring the district organized and defining the boundaries thereof, is not a final order and is not *res adjudicata* as to any lands excluded from the boundaries of such district thereby; but the statute gives the court express authority to modify or change the boundaries of the district after the hearing upon the report of the commissioners.

2. The term "high lands" as used in C. L., sec. 168:13, may include canals, and if water escapes by seepage from an irrigation canal and contributes to the water-logged condition of the land in a drainage district, the right of way of such canal should be assessed its proportion of the cost of construction of the drainage works, the same as other high lands.

3. Service of notice of the hearings, either on petition for the organization of a drainage district, or on the report of the commissioners thereof, upon the husband, he being the member of the community in whose name community property stands, is sufficient to give the court jurisdiction of the property.

4. A failure to give notice, or any irregularity in giving it, is waived if the persons entitled to notice appear and take part in the proceedings in the matter or matters concerning which they are required to be notified.

5. The provisions of the drainage act, directing the commissioners to examine the land over and upon which the drainage works are to be constructed and to report what lands will be injured thereby and the amount of such injury, and to award to each tract or lot, by whomsoever held, the amount of damages so determined by them, and providing that the land owner may have a jury trial in the district court upon that issue, satisfy the requirements that private property shall not be taken for public use without just compensation or due process of law, and constitute a proper exercise of the right of eminent domain.

6. *Held,* that the findings as to the amount assessed against the lands herein are supported by the evidence.

7. The term "high lands" as used in the drainage act means lands which will not be enhanced in value by construction of the drainage works, but which contribute by seepage of irrigation water therefrom to the saturation or water-logged condition of "low lands." By "low lands" is meant lands which will be benefited in the ordinary sense, i. e., enhanced in value.

8. Benefits to low lands are to be determined in accordance with the enhanced value thereof. Benefits to high lands are to be determined in accordance with the extent to which such lands are responsible for damages to low lands by reason of seepage of irrigation water which contributes to the saturation or water-logged condition of such low lands. The amount of such responsibility will be the proportion which the amount of water contributed by such high lands bears to the combined contribution of water from all sources by irrigation.

9. If a portion of the benefits derived by low lands from the construction of drainage works will arise from enhancement of the value of such lands if they were in their natural state, or by changing conditions other than the damage caused by seepage and saturation from irrigation water, such benefits cannot be considered in determining the assessment to be charged to the high lands. After determining the proportion of the cost of drainage works which should be borne by the high lands, the remainder should be apportioned and assessed to the various tracts of low lands according to benefits, based upon enhanced value.

10. A district court may permit the jury to fortify its verdict, or to show by the affidavits of the jurors the verdict which they found and intended to return, and may correct the record of the verdict in conformity therewith, and this may be done after the jurors have been discharged.

APPEAL from the District Court of the Seventh Judicial District, for Canyon County. Hon. Isaac F. Smith, Judge.

Proceeding for the organization of a drainage district. Order confirming the report of the commissioners. *Affirmed.*

**R. E. Haynes and F. H. Lyon, for Appellants.**

The wife of a man, owning community property interest in the district is as much a freeholder as the husband, and should be given the same notice of the formation of the district or the levy of assessments on community property as the husband is given. (*Hughes v. Latour Creek R. R. Co.,* 30 Ida. 475, 166 Pac. 219; 14 Cyc. 1033.)

Service of the notice of the hearing of the petition of confirmation of the commissioners' report must be made in the manner provided for the service of summons in civil action, and service is not permitted to be made by a commissioner of the district. (9 R. C. L. 636, sec. 24; note, Ann. Cas. 1915C, 13 et seq.)

Special assessments are taxes levied according to benefits conferred upon property, and where no benefits will accrue, no assessment can be made. (*Elliott v. McCrea,* 23 Ida. 524, 130 Pac. 785; *Myles Salt Co. v. Board of Commrs.,* 239 U. S. 478, 36 Sup. Ct. 204, 60 L. ed 392, see, also, Rose's U. S. Notes; Page & Jones, Taxation by Assessment, sec. 7; *Adler v. Whitbeck,* 44 Ohio. St. 539, 9 N. E. 672; *Walker v. Jameson,* 140 Ind. 591, 49 Am. St. 222, 37 N. E. 402, 39 N. E. 869, 28 L. R. A. 679, 680.)

Land that will not be drained or benefited by the proposed system cannot be assessed for a share of the costs of such system. (9 R. C. L. 645, secs. 44, 45; Page & Jones, Taxation by Assessment, sec. 564.)

In order to justify special assessments, the benefits must be certain, and not remote or speculative. (Page & Jones, Taxation by Assessment, sec. 652; *City of Bridgeport v. New York & N. H. R. Co.,* 36 Conn. 255, 4 Am. Rep. 63; *Hartford v. West Middle Dist.,* 45 Conn. 462, 29 Am. Rep. 687.)

Ed. R. Coulter, for Respondents.

Where record title of community property is in the name of the husband, it is unnecessary that the wife be made party or served with notice of assessment. (Sess. Laws 1913, pp. 58–79; sec. 2686, C. L.; *Hall v. Johns,* 17 Ida. 224, 105 Pac. 71; *Kohny v. Dunbar,* 21 Ida. 258, Ann. Cas. 1913D, 492, 121 Pac. 544, 39 L. R. A., N. S., 1107; *McQueen v. City of Moscow,* 28 Ida. 146, 147, 152 Pac. 799.)

Service of process in this case was sufficient, and appellants by appearing generally waived all irregularities. (Secs. 379, 383, Lewis on Eminent Domain; *Stein v. Burden,* 24 Ala. 130, 60 Am. Dec. 453; *Ives v. East Haven,* 48 Conn. 272; *Milam v. Sproull,* 36 Ga. 393; *Coolman v. Fleming,* 82 Ind. 117; *Huston v. Clark,* 112 Ill. 344; *Knox v. Epsom,* 56 N. H. 14; *Losey v. Stanley,* 83 Hun, 420, 31 N. Y. Supp. 950.)

Proceedings had by the commissioners were sufficient to acquire rights of way for canals by process of eminent domain provided in the drainage district law. (Secs. 342, 367, 469, Lewis on Eminent Domain; *State v. Stewart,* 74 Wis. 620, 43 N. W. 947, 6 L. R. A. 394; *Goodwine v. Evans,* 134 Ind. 262, 33 N. E. 1031; *Thomas v. Boise City,* 25 Ida. 522, 138 Pac. 1110; *Chaplin v. Highway Commissioners,* 129 Ill. 651, 22 N. E. 484; *Chronic v. Pugh,* 136 Ill. 539, 27 N. E. 415.)

The assessments levied against the lands of remonstrants and others by the commissioners were legally made, and in accordance with the provisions of the drainage act. (*City of Elkhart v. Wickwire,* 121 Ind. 331, 22 N. E. 342; *Hooker v. Rochester,* 30 N. Y. Supp. 297; *McGilvery v. City of Lewiston,* 13 Ida. 338, 90 Pac. 348; *City of Denver v. Kennedy,* 33 Colo. 80, 80 Pac. 122, 467; *Burt v. Farmers' Co-operative Canal Co.,* 29 Ida. 377, 161 Pac. 315; *Burt v. Farmers' Co-operative Irr. Co.,* 30 Ida. 752, 168 Pac. 1078; *Oregon Short Line Ry. Co. v. Pioneer Irr. Dist.,* 16 Ida. 578, 102 Pac. 904.)

The court had the right to correct the verdict of the jury to make it conform to the true intent of the jury, and to receive the affidavits of the jurors in support of respondent's motion to correct said verdict. (*Hodgkins v. Mead,* 119 N. Y.

166, 23 N. E. 559; *Burhans v. Tibbits,* 7 How. Pr. (N. Y.) 21; *Prussel v. Knowles,* 4 How. (Miss.) 90; *Dalrymple v. Williams,* 63 N. Y. 361, 20 Am. Rep. 544; *Wirt v. Reid,* 138 App. Div. 760, 123 N. Y. Supp. 706.)

BUDGE, J.—This is an appeal from an order confirming the report of the commissioners of Drainage District No. 2 of Canyon county.

At the hearing upon the petition for the organization of the district, certain lands of the appellants were, upon stipulation, excluded from the boundaries thereof. The report of the commissioners recommended that these lands be included in the district. The point is sought to be made that the order of the court, excluding such lands, is *res adjudicata,* and that neither the commissioners nor the court had authority upon the final hearing to include them therein.

The first order, excluding the lands from the district, is not a final order. Furthermore, the statute makes it the duty of the commissioners to determine what additional lands will be benefited or damaged, and the amount of the benefits or damages, in the same manner as though such lands were included in the original petition, and gives the court express authority to require the commissioners to modify their report in any respect and to establish the boundaries of the district accordingly. (*In re Organization of Drainage District No. 1,* 30 Ida. 351, 164 Pac. 1018.)

It is urged on behalf of the Extension Ditch Company that the inclusion of a portion of its canal system within the district was without authority, first, because it does not contribute to the water-logged condition of other lands in the district, and, second, because canals do not come within the purview of the term "high lands," as used in C. L., sec. 168:13. The evidence is conclusive against the contention of appellants upon the first point. The second point was before this court in the case of *Burt v. Farmers' Co-operative Irr. Co., Ltd.,* 30 Ida. 752, 168 Pac. 1078, wherein it was held that it was without doubt the intention of the law to provide that if water escapes by seepage from an irrigation canal and contributes

to the water-logged condition of land in a drainage district, the right of way of such canal should be assessed its proportion of the cost of construction of the drainage works the same as other lands.

Error is predicated upon the failure to serve notice of the hearing on the petition and the report of the commissioners, upon certain married women owning a community interest in some of the lands included within the district, it being conceded that the record title thereto in each instance stands in the name of their respective husbands. Service of process upon the husband, he being the member of the community in whose name community property stands, is sufficient.

Service of notice of the hearing upon the commissioners' report was made by F. B. Suplee, one of the commissioners. It is contended that he was a party in interest and that service by him was, therefore, invalid. Without in any way intimating what our holding would be upon this point if properly raised, we are of the opinion that in this particular proceeding the irregularity, if such it be, has been waived. It is a general and well-settled rule that:

"A failure to give notice, or any irregularity in giving it, is waived if the persons entitled to notice appear and take part in the proceedings in the matter or matters concerning which they are required to be notified." (Lewis, Eminent Domain, 3d ed., p. 1028, and numerous authorities there cited.)

This objection was not taken by a special appearance, but the parties seeking to take advantage of it appeared generally on the hearing and are bound by the above rule.

It is insisted that no proper proceeding was had for the taking of the property of remonstrant, Payette National Bank, for a right of way, appellants contending that the provisions of the general statute regulating the exercise of the right of eminent domain should have been followed.

We are not in accord with this contention, but are of the opinion that it is optional, where the works are constructed within the district, for a drainage district to invoke the proceedings provided for under the general statute governing the

exercise of the right of eminent domain or to exercise that right under C. L., subd. 4, sec. 168:12, wherein it is provided that:

" . . . . the commissioners shall examine the lands described in the petition and proposed to be drained and protected, and the lands over and upon which the work is proposed to be constructed and shall determine and report:

" . . . . 4. What lands will be injured thereby and the aggregate amount of such injuries; and they shall award to each tract or lot, by whomsoever held, the amount of damage so determined by them."

And under the provisions of C. L., sec. 168:19, providing that:

"168:19. Hearing on confirmation. The district court for said county or the presiding judge thereof may fix a time at any term or appoint a special term for hearing the objections, and, on demand of any person or corporation assessed for benefits or awarded damages, may frame an issue in said matter, impanel a jury and take its verdict upon the trial of such issue, whether the amount of damages awarded by the commissioners is adequate or whether the assessment of benefits to any remonstrant, demanding the review by jury, is too high; and the jury may assess the same. . . . . "

The error assigned in the instant case raises the question only whether or not the district is limited to the right to exercise the power of eminent domain under the general statute and does not question the regularity of the proceedings had in this case. While we do not wish to be understood as approving the sufficiency of the proceedings taken in this matter, that question is not here for review.

There are other sections of the act, containing similar provisions respecting the manner in which damages shall be ascertained for the taking of land for right of way purposes. When the whole act is construed together, it is apparent that it was the intention of the legislature that a drainage district might exercise the right of eminent domain by awarding damages in the manner referred to in the sections above mentioned. Every land owner affected by the proceedings, or

whose property is taken or damaged, is entitled to a jury trial in the district court for the purpose of ascertaining the validity of the assessments levied against his land or the justness of the damages awarded. These proceedings, when properly followed, with due regard to the rules and notices required to give validity to judicial proceedings, satisfy the requirements that private property shall not be taken for public use without just compensation or due process of law. (*Portneuf Irrigating Co. v. Budge*, 16 Ida. 116, 18 Ann. Cas. 674, 100 Pac. 1046; *Eagleson v. Rubin*, 16 Ida. 92, 100 Pac. 765; *State v. Stewart*, 74 Wis. 620, 43 N. W. 947, 6 L. R. A. 394; *Chaplin v. Highway Commrs.*, 129 Ill. 651, 22 N. E. 484; *Chronic v. Pugh*, 136 Ill. 539, 27 N. E. 415; *Coodwine v. Evans*, 134 Ind. 262, 33 N. E. 1031.)

It is insisted by some of the remonstrants that certain lands owned by them, lying west of the Oregon Short Line Railroad right of way, within the drainage district, were improperly included, for the reason that such lands will receive no benefit from the drainage system and do not contribute to the waterlogged condition of other lands in the district. With respect to such lands, the court found that they would receive the benefits shown by the report of the commissioners, that the sum assessed against such lands was a valid assessment to be levied against the same, that they would receive and derive benefits from the drainage district and the construction of the drainage system, that the assessment was not improper or excessive and that the same should be assessed, and that the assessments against such lands were not greater than the assessments upon other lands benefited by the construction of the drainage system. An examination of the record satisfies us that the court's findings are supported by the evidence.

The sixteenth assignment of error is directed against the action of the trial court in sustaining the report of the drainage commissioners in levying assessments for benefits against the lands and premises of each and all of the remonstrants. It is contended that the evidence shows that the said levies for such purposes against the lands were not made in any manner

conforming to the requirements of C. L., sec. 168:13, formerly sec. 9 (a), chap. 42, Sess. Laws 1915.

In order to determine the method to be used by the commissioners in apportioning the cost of the proposed works to the various tracts of land within the district, it may be helpful to bring together the provisions of the statute bearing thereon, without reference to the sections in which they are found, which read as follows:

". . . . The commissioners shall examine the land described in the petition and proposed to be drained and protected . . . . and shall determine and report: . . . . what lands will be benefited by the construction of the proposed works, whether the benefits will equal or exceed the aggregate cost of constructing such work, including all incidental expenses, costs of proceedings and damages; and they shall apportion and assess the estimated cost of the same on the lands so benefited by setting opposite the correct description of each tract, lot or easement, the portion of such cost assessed as benefits thereon. . . . . In determining the amount which each tract of land will be benefited by such proposed drainage system, the commissioners shall consider the damage done to low land from seepage and saturation by irrigation water from high land, and the necessity for the carrying off of waste water, and such high lands shall be considered as being benefited to the extent and in the amount that such lands are responsible for damage to low lands from seepage and saturation by irrigation water."

It is evident that the commissioners are to apportion and assess the estimated cost of the works according to benefits, but the sense in which the word "benefits" is used differs as applied to the two classes of land mentioned in the statute. By "high lands" reference is undoubtedly made to land which will not be enhanced in value by the construction of the drainage works. By "low lands" is meant lands which will be benefited in the ordinary sense, i. e., enhanced in value by the construction of the works. The benefit to each tract, lot or easement of low land is to be determined in proportion to the extent to which such land is enhanced in value by

drainage. The benefit to each tract, lot or easement of high land is to be determined in proportion to the extent to which such land contributes to the damage of low lands by seepage of irrigation water, to the saturation or water-logged condition thereof.

When we consider these provisions of the act, and the further provision that unless the benefits exceed the cost of the works the proceedings must be dismissed, it would appear that the only feasible method of giving effect to the provisions of the statute in the matter of assessing cost of the works to the various tracts of land in the district is first to determine the amount of the responsibility of the high lands for damage to the low lands from seepage of irrigation water. The amount of such responsibility will be the proportion which the amount of water contributed by any tract of high land to the damage of low lands, through seepage of irrigation water, bears to the combined contribution of water causing damage to the low lands of the district from all sources of irrigation.

In cases where a drainage district is composed of lands which have been artificially irrigated, the damage to the low lands from seepage of irrigation water may or may not coincide with the amount of benefits received by the low lands as a result of the construction of the drainage works, according to the circumstances of the case. If a portion of the benefits derived by low lands from the construction of the works will arise from enhancement of the value of the lands if they were in their natural state, or by changing conditions other than damage caused by seepage and saturation from irrigation water, the amount of such benefits must be determined by the commissioners, but cannot be considered in determining the amount of the assessment to be charged against the high lands. In such a case, the amount to be assessed against the high lands shall be their proportion of that part of the cost which represents the damage done to the low lands by seepage and saturation of irrigation water. The commissioners are enjoined by the statute to assess against each tract, lot or easement of high land its proportion of the estimated cost of the works in accordance with its proportion of responsibility for

damage to low lands of the district by seepage of irrigation water.

After so determining the part of the estimated cost of the works which should be borne by the high lands, the remainder of such estimated cost shall be apportioned and assessed to the various tracts of low land according to benefits as that term is ordinarily used, that is, with relation to enhanced value by reason of the construction of the works.

In this case, in determining the amount of benefits to the low lands, they were subdivided into divisions according to the distance of the water-table under the surface of the ground. The evidence shows, however, that the assessments were not levied according to the height of the water-table, but that the height of the water-table was an element considered by the commissioners in aiding them to determine the benefits which the low land would receive from the construction of the works. It is not shown by the record in this case that the commissioners were not attempting to follow the correct rule in assessing the cost of the works.

Error is predicated upon the fact that after the jury had returned a verdict on the remonstrance of the Extension Ditch Company, assessing its benefits in the sum of $1,500, the court, upon the motion of the drainage district, supported by the affidavits of every juror to the effect that it was their intention by their verdict to find that the amount the Extension Ditch Company should actually pay toward the construction of the works of the district should be $1,500, changed the verdict so as to find the amount of benefits received by the Extension Ditch Company as $7,500, and to assess the amount which it should pay toward the construction of the improvements at $1,500, or one-fifth of the assessed benefits. All of the evidence in the case shows that the cost of construction of the drainage system would amount to one-fifth of the benefits assessed against the lands within the district.

Appellants' position is that under C. L., sec. 4439, the affidavits of the jurors could not be received to impeach their verdict, except when obtained by resort to a determination of chance, and that the court erred in correcting the record of

the verdict.   This is not a question of impeaching a verdict, but correcting it to conform to what was actually found and intended to be returned by the jury.   The rule is that the court may permit the jury to fortify its verdict or to show by the affidavits of the jurors the verdict which they found and intended to return, and this may be done after they have been discharged.   (*Hodgkins v. Mead*, 119 N. Y. 166, 23 N. E. 559; *Burhans v. Tibbits*, 7 How. Pr. (N. Y.) 21; *Prussel v. Knowles*, 4 How. (Miss.) 90; *Dalrymple v. Williams*, 63 N. Y. 361, 20 Am. Rep. 544; *Wirt v. Reid*, 138 App. Div. 760, 123 N. Y. Supp. 706.   See, also, *Bates v. Price*, 30 Ida. 521, 166 Pac. 261.)

The order confirming the report of the commissioners is affirmed.   Costs are awarded to respondents.

Morgan, C. J., and Rice, J., concur.