**In re Loren V. DUCOMMUN and Doreen Ducommun, Husband and Wife, Debtors.**

**Bankruptcy No. 93–01563–7.**

United States Bankruptcy Court, D. Idaho.

Sept. 9, 1993.

D. Ray Barker, Moscow, ID, for debtors.

---

920

S. David Swayne, Moscow, ID, for trustee.

## SUMMARY ORDER

ALFRED C. HAGAN, Chief Judge.

Inland Merchants Association, Inc. ("Inland") is a judgment creditor of Loren and Doreen Ducommun, the debtors in this chapter 7 case. In land has moved for relief from the automatic stay to obtain wages that were subject to garnishment prior to the debtors' filing their petition for relief in this Court.

Inland obtained a judgment against the debtors in the amount of $19,071.61 in State Court on April 19, 1993. On April 27, 1993, Inland obtained a writ of execution for continuous garnishment against Loren Ducommun, and served it the next day on Mr. Ducommun's employer, the Latah County Sheriff's Department. Pay periods at the Sheriff's Department are for the calendar month, and Mr. Ducommun's wages for April were successfully garnished.

On May 27, 1993, the debtors filed for protection under the Bankruptcy Code. The Sheriff's Department did not withhold the amount to be garnished from Mr. Ducommun's May wages because of the automatic stay of 11 U.S.C. § 362. Mr. Ducommun's wages for the month of May were apparently paid in full to Mr. Ducommun.

■ Inland contends that the garnishment created a lien on all future wages, up until the point the debtors filed bankruptcy. Inland seeks relief from the automatic stay to recover from the debtor the amount of the wages that should have been garnished. Inland proposes to do this by garnishing current or future wages of Mr. Ducommun.

■ A garnishment is "the process by which the garnishee is brought into court, and also that by which the defendant's credit or property is attached in the garnishee's hands. Its service is constructive seizure by notice. It is attachment in the hands of a third person." *Eagleson v. Rubin*, 16 Idaho 92, 100 P. 765, 767 (1909) (quoting Waples, Attachment and Garnishment, § 469). Inland is correct in its assertion that service of the writ of garnishment created a lien on the property held in the hands of the garnishee—here, the Sheriff's Department. " 'By the service in the manner provided by statute, whether it be termed 'garnishment' or 'service of the attachment,' while the possession is not necessarily disturbed, 'a lien is obtained on defendant's title to the property in the hands of the garnishee.' ' " *Sullivan v. Mabey*, 45 Idaho 595, 264 P. 233, 236 (1928) (quoting *Kimball v. Richardson–Kimball Co.*, 111 Cal. 386, 43 P. 1111 (1896)). "The plaintiff in the attachment action obtained a lien upon the pledged property in the hands of the pledgee bank by virtue of the garnishment proceedings." *Fed. Res. Bank of San Francisco v. Smith*, 42 Idaho 224, 244 P. 1102, 1103 (1926). *See also Trustee, Ltd. v. Bowen–Hall, Inc. (In re Pro–Ida Foods, Inc.)*, 88 I.B.C.R. 219, 221–22 (Bankr.D.Idaho 1988) (noting that garnishment creates a lien for the purpose of an avoidable preference action under 11 U.S.C. § 547).

■ This does not mean that Inland is entitled to the relief which it seeks. Inland wishes, in effect, to foreclose its lien by garnishing Mr. Ducommun's wages. However, all of the Idaho authorities for the proposition that garnishment creates a lien limit that lien to property actually held by the garnishee. *E.g., Sullivan, supra*, 264 P. at 236 (" '[A] lien is obtained on defendant's title to the property *in the hands of the garnishee* ' ") (emphasis added). Possession by the garnishee is, therefore, a necessary element for existence of the garnishment lien.

This accords with other Idaho law. Garnishment is, as *Eagleson* noted, "attachment in the hands of a third person." 100 P. at 767. In the case of *American Fruit Growers, Inc. v. Walmstad*, 44 Idaho 786, 260 P. 168 (1927), a sheriff served a writ of attachment against certain property and issued a proper return, but apparently failed to take possession of the property as the return indicated. Because the attachment statute required the sheriff to take personal possession of the property, the Supreme Court of Idaho held that the at-

tachment failed. The Court then considered the effect if the return was correct and the sheriff had taken possession of the property, but had failed to keep possession until the date the property was sold.

However, if we should admit the truth of the statements in the return that the levy was made in substantial compliance with the law, the lien thereof was absolutely lost when the sheriff or his keeper permitted appellant to take and retain possession of the property. Even the return of the sheriff does not purport to indicate that he continued in possession, and the evidence is entirely uncontradicted that at least from September 1st to the date of sale this property was out of the control of the officer, and was in no sense in custodia legis. *The lien of the attaching creditor, if any he ever had, was dependent upon the continuation of possession by the sheriff.*

260 P. at 171 (emphasis added).

The lien that Inland had by virtue of the garnishment was over a portion of those wages that Mr. Ducommun earned in May, 1993. Those funds are no longer in the possession of the Sheriff's Department, the garnishee. There is, therefore, no lien against those funds. Moreover, because any funds the Sheriff's Department presently owes to Mr. Ducommun are (presumably) for work performed other than in May of 1993, there are no funds in the hands of Mr. Ducommun's employer against which Inland has a lien. Relief from stay is inappropriate, since in the absence of a lien Inland is merely an unsecured creditor.

Accordingly, it is

ORDERED:

Inland's motion for relief from the automatic stay is denied.