(May 26, 1920.)

CLAY GROEFSEMA, Respondent, v. MOUNTAIN HOME CO–OPERATIVE IRRIGATION COMPANY, Appellant.

JOHN GROEFSEMA, Respondent, v. MOUNTAIN HOME CO–OPERATIVE IRRIGATION COMPANY, Appellant.

CORNELIA GROEFSEMA and HARM GROEFSEMA, Her Husband, Respondents, v. MOUNTAIN HOME CO–OPERATIVE IRRIGATION COMPANY, Appellant.

[190 Pac. 356.]

EVIDENCE — ADMISSIONS — INSTRUCTIONS — DAMAGES — MEASURE OF— NONSUIT—VERDICT — GENERAL—SPECIAL—CORRECTING—IRRIGATION —WATER DEEDS—RIGHTS UNDER.

1. In an action for damages for alleged failure to deliver, during an irrigation season, the amount of water called for by water deed, evidence of certain conversations with officers of appellant company, wherein they told witness the company would begin to deliver water the first day of May, was properly admitted, and it being conceded under the warranty in the water deed that delivery was to begin on that date, no prejudice could result therefrom.

2.  Under such circumstances evidence of failure to deliver water from the 1st until the 12th of May was properly admitted as bearing upon the matters which gave rise to respondents' alleged damages, in connection with other evidence showing that the proper amount of water was not delivered during the season.

3.  Testimony of a witness that he received a certain amount of water on a portion of his land was not subject to motion to strike. It was competent to show the amount of water applied to each tract separately, and by a simple mathematical calculation to show that the obligation in the deed to furnish two acre-feet per acre had not been fulfilled.

4.  Prejudicial error cannot be predicated upon the refusal of the court to strike out the testimony of a witness estimating his damages for the loss of pasture at $20 per acre where upon cross-examination he gave as his reasons therefor that it would cost him that amount to buy like pasture, or feed to take the place thereof, no other pasture being available, and there being no substantial conflict as to the estimate of damages to the pasture, between the testimony of witnesses for appellant and respondent.

5.  Where a motion for a nonsuit is made at the close of respondent's case, and appellant thereafter adduces evidence in support of the defense, the motion is not reviewable upon appeal.

6.  A printed notice published by appellant containing the statement that it had more water in its reservoir at the close of the 1914 season than was ever stored in the reservoir at the commencement of any irrigation season in the history of the project, excepting 1914; that the tunnels and flumes had been repaired, ditches enlarged, and while the snowfall during the winter months had been a little below the average, no farmer under the system had occasion to be exercised as to the water supply for 1915, was properly admitted as an admission bearing upon the quantity of water which the company actually had stored in its reservoir for the 1915 season.

7.  Where all the evidence affirmatively shows that appellant company had 8,000 acre-feet of water stored in its reservoir at the beginning of the irrigation season; that during the season it furnished only a fraction over one acre-foot of water per acre to 3,300 acres of land, and no explanation is offered as to what

7.  Liability of irrigation companies for failure to supply water, see note in 81 Am. St. 488.

On construction of irrigation contracts with consumers, see note in L. R. A. 1916F, 257.

became of the remainder of the water, or why it was impossible to deliver more water to respondents who were entitled under their water deeds to two acre-feet per acre, the evidence is sufficient to sustain a verdict awarding respondents damages for the failure, neglect or refusal of appellant to deliver to respondents the amount of water to which they were entitled by their deeds.

8.   Where three cases involving the same issues are tried as one case, and the jury return a like general verdict in each case, and their special verdicts in two of the cases sustain the general verdict but the special verdict in the other case does not sustain the general verdict, all based upon the same evidence, it is proper for the trial court to send the latter case back to the jury for further consideration, upon the principle that the court may permit the jury to show the verdict which they found and intended to return, since it is apparent under all the circumstances that the rendition of the special verdict in this case was the result of inadvertence.

9.   Under such circumstances the provision of C. S., sec. 6861, which requires that "where a special finding of fact is inconsistent with the general verdict the former controls the latter and the court must give judgment accordingly," is not applicable.

APPEAL from the District Court of the Fourth Judicial District, for Elmore County. Hon. James R. Bothwell, Judge.

Actions for damages to crops for failure to deliver water in accordance with water deeds. Judgments for plaintiffs. *Affirmed.*

Sullivan & Sullivan and W. C. Howie, for Appellant.

"Where a special finding of fact is inconsistent with the general verdict the former controls the latter and the court must give judgment accordingly." (C. S., sec. 6861.) It was clearly the duty of the court to receive the special interrogatories and their answers thereto by the jury and their verdict thereon. (Special Verdicts by Clementson, p. 137.)

Where the evidence is insufficient to support the findings or verdict, the judgment or verdict must be reversed. (*Kelly v. Oregon Short Line & U. N. R. Co.,* 4 Ida. 190, 38 Pac. 404; *Commercial Bk. v. Lieuallen,* 5 Ida. 47, 46 Pac. 1020;

*Work Bros. v. Kinney,* 7 Ida. 460, 63 Pac. 596; *Zienke v. Northern Pac. R. Co.,* 8 Ida. 54, 66 Pac. 828; *Small v. Harrington,* 10 Ida. 499, 79 Pac. 461; *Wood v. Broderson,* 12 Ida. 190, 85 Pac. 490; *Rippetoe v. Feely,* 20 Ida. 619, 119 Pac. 465; *Furey v. Taylor,* 22 Ida. 605, 127 Pac. 676; *McDonnell v. Jones,* 25 Ida. 551, 138 Pac. 1123; *Constantine v. McDonald,* 25 Ida. 342, 137 Pac. 531; *Walter v. Dixon,* 29 Ida. 26, 157 Pac. 250.)

E. M. Wolfe and Daniel McLaughlin, for Respondents.

In an action for the recovery of money only, or specific real property, the jury, in their discretion, may render a general or special verdict. (*Fodey v. Northern Pac. Ry. Co.,* 21 Ida. 713, 123 Pac. 835; *Shaw Lumber Co. v. Manville,* 4 Ida. 369, 39 Pac. 559.)

"An appellate court will not disturb the verdict of the jury or the judgment of a trial court because of conflict in the evidence when there is sufficient proof, if uncontradicted, to sustain it." (*Ross v. Kerr,* 30 Ida. 492, 167 Pac. 654, and cases cited.)

BUDGE, J.—This appeal involves three actions raising essentially the same issues. They were tried together to the same jury and all of the evidence embodied in one record. Separate verdicts were returned in each case and judgments entered on each verdict respectively. A separate appeal was taken from each judgment but the entire proceeding has been briefed as upon a single appeal and presented to us upon one hearing. The actions were brought to recover damages alleged to have been sustained by the loss of crops occasioned by the failure of appellant to deliver to respondents two acre-feet of water, for each acre of land owned by them, during the irrigation season of 1915. It is alleged that by the contract of purchase and deed of conveyance of respondents' water rights appellant warranted to deliver to each of respondents the above quantity of water, that during the irrigation season of 1915 appellant disregarding its guaranty failed, refused and neglected to deliver to respondents water

in excess of one acre-foot per acre, resulting in the damage claimed.

Appellant in its answers to the various complaints admits that it did not deliver two acre-feet of water per acre, but denies that it failed, refused or neglected to deliver water in excess of one acre-foot per acre, and as an affirmative defense sets forth the deeds to said water rights, placing especial reliance upon paragraph 4 thereof, which, so far as material, is as follows:

"In case of shortage of water in the Company's reservoir or canal system through an accident, drought, or scarcity in any natural stream supplying said canal or by reason of improper diversion of water by any person, or from any cause beyond its control, the company shall not be liable for such shortage, nor for any damage caused thereby, nor shall there be, by reason thereof, any deduction from any sum agreed to be paid to the company by the purchaser."

—and alleging in connection therewith that the failure of appellant to deliver the amount of water called for in the deeds was not due to any fault or negligence on its part, but due wholly to the fact that there was a shortage of water due to scarcity in the natural supply in the watersheds from which appellant secured water for its reservoirs.

Error is predicated upon the refusal of the court to strike out upon motion evidence of the witness John Groefsema with reference to conversations with the officers of appellant company relating to the time in which water was not delivered between the 1st and 12th of May. However, it was conceded in the motion to strike that under the warranty in the water deed appellant was to deliver water beginning with May 1st. The conversation testified to by this witness was to the effect that the officers of the company, at the time witness paid his maintenance charge, told him that they would begin to deliver water on that date. Under such circumstances the evidence was properly admissible and could have resulted in no prejudice to appellant. In this same connection appellant urges that the testimony that water was not delivered until the 12th of May was outside of the issues,

the only issue on this phase of the case, according to appellant's position, being that two acre-feet were not delivered during the season and that no issue had been raised for a failure to deliver during any particular period of the irrigation season.

We are of the opinion that this evidence was proper, especially in connection with other evidence showing that the proper amount of water was not delivered during the season, as bearing upon the matters which gave rise to respondent's alleged damages.

The refusal of the court to strike out evidence of the same witness wherein he testified he received eleven-sixteenths of an acre-foot of water per acre on his alfalfa land is assigned as error, and it is insisted that appellant in its deed contracted to deliver the water within a quarter of a mile of respondent's land and, when it was so delivered, the obligation was fulfilled, and the latter might apply it all to one portion of the land and none to the other if he saw fit, but the former would not be liable for damage to his crops which resulted from doing so.

The testimony was not subject to motion to strike. This respondent was the owner of forty acres of land, ten acres of which was in orchard and thirty in alfalfa. It was competent for him to show the amount of water applied to each tract separately, and by a simple mathematical calculation to show that the obligation in the deed to furnish two acre-feet per acre had not been fulfilled.

Testimony was introduced by one of the respondents that the value of certain pasture was $20 per acre. Upon cross-examination the witness gave as his reasons for fixing this value that it would cost him that amount to pasture hogs in someone else's field or to buy feed in lieu of pasture, it appearing that no other pasture was available. Appellant moved to strike out the testimony as to the value of the pasture, for the reason that the cross-examination showed that such estimate of value had no legal basis. The refusal of the court to strike out the evidence is assigned as error.

Considering the foregoing circumstances in connection with the additional fact that there is no substantial conflict or difference of opinion as to the estimate of damages between the testimony of this witness and the witnesses of appellant, the jury could not have been misled and no prejudice could have resulted to appellant.

Error is sought to be predicated upon the denial of appellant's motion for a nonsuit at the close of respondent's case, but appellant thereafter adduced evidence in support of its defense. Since the motion for nonsuit was not renewed on the close of all of the evidence, the ruling of the trial court on the motion is not reviewable upon appeal. (*Palcher v. Oregon Short Line R. R. Co.*, 31 Ida. 93, 97, 169 Pac. 298, and cases therein cited.)

The court admitted in evidence a certain printed notice published over the signature of appellant in the "Elmore County Republican" for Saturday, April 3, 1915, to the effect that parties were circulating stories that water users under appellant's system should not attempt to farm that year on account of scarcity of water, claiming the company had no water stored in its reservoirs. The notice asserted the stories were absolutely untrue, that there was more water in the Little Camas reservoir at the close of the 1914 season than was ever stored in the reservoir at the commencement of any irrigation season in the history of the project excepting 1914, tunnels and flumes had been repaired, ditches enlarged, and while the snowfall during the winter months had been a little below the average, no farmer under the system had occasion to be exercised as to the water supply for 1915. The admission of the notice is assigned as error, the contention being that at best it was only the opinion of Mr. Gregory, appellant's secretary, at a time when it was not known how much water the company could conserve in its reservoirs, or what the run-off would be.

The notice was admissible in evidence as an admission bearing upon the quantity of water which the company actually had stored in its reservoirs at that time. Moreover, on cross-examination one of the officers of the company tes-

tified that all of the statements in the notice were true except the statement that the snowfall was a little below the average and that no farmer under the system had occasion to be exercised as to the water supply. One of the main issues in the case was whether the company had an adequate water supply for that season, and although respondents' causes of action are not predicated upon any representation made in this notice, but wholly upon the provisions of the water deeds, nevertheless the notice was competent and relevant to the main issue.

In this connection the several assignments of error based upon the alleged insufficiency of the evidence should be considered. It is not necessary to discuss all of the points of evidence which bear upon this question. It is sufficient to observe that the testimony of appellant's witnesses establishes the fact, in entire conformity with the notice above discussed, that at the beginning of the season in question appellant had impounded in its reservoirs 8,000 acre-feet of water, that it only furnished water during that season to 3,300 acres of land. It is apparent, therefore, that the company had an adequate water supply to furnish respondents, during the season of 1915, all of the water to which their deeds entitled them. The evidence further shows that the company actually furnished to the water users only a small fraction over one acre-foot per acre. As to what became of the remaining 4,700 acre-feet of water, or why it was impossible to deliver more water to the respondents if such were the fact, the record is silent, appellant having made no effort upon the trial to offer any explanation of these pertinent facts, and although the evidence does show that there was a shortage in the natural supply, a scarcity in the snowfall, and a very small run-off, appellant has not shown that its failure to deliver the water in question was due to that cause, but, as already observed, the evidence is affirmatively to the contrary.

The remaining assignments seek to predicate error upon the action of the court in the John Groefsema case in advising the jury, after they had returned their general verdict and their

special verdict answering certain interrogatories submitted to them, that their answers to the interrogatories were inconsistent with the general verdict and in directing them to retire and further consider the case and in receiving the general and special verdicts which were returned thereafter. The interrogatories bore upon the question whether the failure to deliver water was due to shortage in the natural supply or to negligence of appellant. Interrogatories in substantially the same form were submitted in all three cases. The evidence upon these points was identical in each case. In each of the two other cases the jury had answered the special interrogatories one way, and in the John Groefsema case they had answered the same interrogatories in the opposite way. Clearly, one finding or the other was wrong and must have been the result of inadvertence, and the trial court committed no error in sending the jury back to make their verdict recite what they intended and to return the verdict which they actually found. But appellant insists that, since a provision of C. S., sec. 6861, requires that "where a special finding of fact is inconsistent with the general verdict, the former controls the latter, and the court must give judgment accordingly," the trial court was without authority to send the case back to the jury but was bound to enter judgment in accordance with the special finding regardless of the general verdict.

Under all of the facts and circumstances before the trial judge at the time of the presentation and returning of these verdicts, the statute was not applicable, but a situation was presented which makes the case fall within the principle announced by this court recently in *Drainage Dist. No. 2 v. Extension Ditch Co.,* 32 Ida. 314, 182 Pac. 847, 850, that the court may permit the jury to show the verdict which they found and intended to return.

Finding no reversible error in the record, the judgments are affirmed. Costs are awarded to respondents.

Morgan, C. J., and Rice, J., concur.