(February 25, 1922.)

## O. Y. MASON, Respondent, v. D. G. RUBY, Appellant.

[204 Pac. 1071.]

RES JUDICATA—RECORD—EXTRINSIC EVIDENCE.

A judgment of a court of competent jurisdiction, upon a question directly involved in one suit, is conclusive as to that question in another suit between the same parties; but to this operation of the judgment it must appear, either upon the face of the record or be shown by extrinsic evidence, that the precise question was raised and determined in the former suit.

Publisher's Note.

Identity of issues involved on question of res judicata as provable by extrinsic evidence, see note in 9 Ann. Cas. 344.

Burden of proof of res judicata or estoppel by judgment, see note in 2 Ann. Cas. 655.

APPEAL from the District Court of the Seventh Judicial District, for Canyon County. Hon. Ed. L. Bryan, Judge.

Action for breach of warranty. From judgment for plaintiff, defendant appeals. *Affirmed.*

Buckner & Warren and Walter Griffiths, for Appellant.

"Where a former judgment is pleaded in bar, it is no objection to its operation as an estoppel that the former action included some parties who are not joined in the present action or *vice versa*, provided the judgment was rendered on the merits and not on an objection as to parties, and provided the cause of action in the two suits is the same, and the party against whom the estoppel is set up was actually a party to the former litigation." (23 Cyc., Law & Procedure, 1112; *Aldrich v. Stephens*, 49 Cal. 676; *Peterson v. Warner*, 6 Kan. App. 298, 50 Pac. 1091; *Neppach v. Jones*, 28 Or. 286, 39 Pac. 999, 42 Pac. 519; *Girardin v. Dean*, 49 Tex. 243; *Hanna v. Read*, 102 Ill. 596, 40 Am. Rep. 608.)

Stone & Jackson, for Respondent.

Where the defense of estoppel by judgment is pleaded it is incumbent upon the party alleging it to clearly establish by proof that the precise question so pleaded was in fact determined in a former action between the same parties or their privies. And where in the former action there were two grounds upon either of which the court might have rested its decision, it must clearly appear from the records of the former case, or by extrinsic evidence, that the precise question that is pleaded as a bar, or estoppel, was actually decided in the former action. (15 R. C. L., sec. 454; *Hoover v. King*, 43 Or. 281, 99 Am. St. 754, 72 Pac. 880, 65 L. R. A. 790; *Routh v. Board of Commrs.*, 84 Kan. 25, 113 Pac. 397; 24 Am. & Eng. Ency. of Law, 773, 834; 23 Cyc. 1308; *Goodenow v. Litchfield*, 59 Iowa, 226, 9 N. W. 107, 13 N. W. 86; *Pepper v. Donnelly*, 87 Ky. 259, 8 S. W. 441; *Zoeller v. Riley*, 100 N. Y. 102, 53 Am. Rep. 157, 2 N. E. 388; *Fowlkes v. State*, 14 Lea (Tenn.), 14.)

DUNN, J.—About February 21, 1913, at Caldwell, Idaho, respondent purchased from appellant two horses for $150, for which he gave his note. Shortly afterward said horses were found to be affected with glanders and later were killed by the state veterinarian. Before the maturity of said note appellant indorsed it for a valuable consideration to one Harry Smith, who brought suit thereon against respondent in the probate court of Canyon county. Respondent denied that Smith was the lawful owner and holder of said note or that anything was due thereon; and as an affirmative defense alleged a warranty of said horses and a breach thereof by appellant. Trial was had before a jury and a verdict rendered in favor of Smith. Judgment was entered against respondent for $264, which was paid by him. Respondent then brought this action to recover this amount from appellant on the ground that appellant had warranted said horses to be in sound condition when respondent bought them. In his answer appellant denies making any warranty to respondent; he admits the recovery of judgment on said note by Smith and the payment thereof by respondent; and as an affirmative defense sets up the judgment in the probate court of Canyon county as a full and complete adjudication of respondent's claim of warranty in the sale of said horses, and that by reason of said judgment said question of warranty is *res judicata.* The action was tried before a jury in the district court and a verdict rendered in favor of respondent for $215, for which amount, with costs, judgment was entered in behalf of respondent.

From this judgment appeal was taken, and appellant assigns certain errors, only two of which it will be necessary to notice, viz.: the insufficiency of the evidence to support the verdict, and an instruction in which the court told the jury that the facts alleged by appellant did not in law constitute an adjudication of the matters in controversy between appellant and respondent.

In support of his contention that the matter in controversy between appellant and respondent had been adjudicated in the action brought in the probate court of Canyon county,

appellant offered in evidence the complaint and answer filed therein, together with the judgment entered in said action. No further evidence on this point was offered by appellant.

It is the contention of respondent that said judgment may have been rendered on the ground, first, that the promissory note sued on was negotiable in form and that Smith was a purchaser for value before maturity; or second, that the note was non-negotiable in form and that the defense pleaded in the answer was not sustained by the evidence; that in either event judgment must necessarily have been for the plaintiff; but that in the entire absence of evidence as to which ground was the basis of the decision, that decision cannot be considered as a bar to the present action. In other words, respondent claims that in order to constitute the judgment of the probate court a bar to this action appellant must show clearly not only that this question was raised by the pleadings, but that it was actually decided by the probate court in that action.

We think the contention of respondent must be sustained. The decision of the probate court may have rested upon either one or the other of the grounds stated, and there is a total lack of evidence showing that the question of warranty was decided in the probate court. In the case of *Russell v. Place,* 4 Otto (94 U. S.), 606, 24 L. ed. 214, it was said by Justice Field: "A judgment of a court of competent jurisdiction, upon a question directly involved in one suit, is conclusive as to that question in another suit between the same parties; but to this operation of the judgment it must appear, either upon the face of the record, or be shown by extrinsic evidence, that the precise question was raised and determined in the former suit. If there be any uncertainty on this head in the record, the whole subject matter of the action will be at large and open to a new contention, unless this uncertainty be removed by extrinsic evidence showing the precise point involved and determined."

See, also, *Goodenow v. Litchfield,* 59 Iowa, 226, 9 N. W. 107, 13 N. W. 86; *Zoeller v. Riley,* 100 N. Y. 102, 53 Am. Rep. 157, 2 N. E. 388; *Fowlkes v. State,* 14 Lea (Tenn.), 14;

*Chamberlain v. Gaillard,* 26 Ala. 504; *Hoover v. King,* 43 Or. 281, 99 Am. St. 754, 72 Pac. 880, 65 L. R. A. 790; *Lea v. Lea,* 99 Mass. 493, 96 Am. Dec. 772; 23 Cyc. 1308; 15 R. C. L., sec. 454, p. 980.

In this state of the evidence the court did not err in giving the instruction objected to.

There are no specifications of particulars in which it is claimed that the evidence is insufficient to support the verdict, but we have examined the record in connection with the question of a former adjudication and we find that the verdict is supported by substantial evidence. The judgment is therefore affirmed with costs to respondent.

McCarthy and Lee, JJ., concur.