(July 5, 1923.)

BLANCHE JENSEN, an Infant, by CLARA A. DUDLEY, Her Guardian ad Litem, Appellant, v. BERRY & BALL COMPANY, a Corporation, Respondent.

[216 Pac. 1033.]

RES JUDICATA—PLEADING—EVIDENCE.

1. A judgment of a court of competent jurisdiction, upon a question directly involved in one suit, is conclusive as to that question in another suit between the same parties; but to this operation of the judgment it must appear, either upon the face of the record or be shown by extrinsic evidence, that the precise question was raised and determined in the former suit.

2. In pleading a former judgment a party is not required to adopt the method authorized by C. S., sec. 6711, but if he elects to state the facts, instead of following the statutory plan, he must state all the facts necessary to confer jurisdiction.

APPEAL from the District Court of the Ninth Judicial District, for Bonneville County. Hon. James G. Gwinn, Judge.

Action by minor to recover on contract of purchase. Judgment for defendant. *Reversed.*

Taylor & Denman, for Appellant.

Where a defendant sets up as his sole defense the plea of *res adjudicata* and fails to deny any of the allegations of the complaint he is deemed to have admitted all of the allegations of the complaint, and all of the material allegations of the answer setting up *res adjudicata* as a bar to the action are deemed controverted by the plaintiff. (C. S., sec. 6717; *Knowles v. New Sweden Irr. Dist.*, 16 Ida. 217, 101 Pac. 81; *Wheeler v. Gilmore & Pittsburg Co.*, 23 Ida. 479, 130 Pac. 801; *Burke v. McDonald*, 2 Ida. 679, 33 Pac. 49.)

Where a defendant, in a plea of *res adjudicata*, alleges that the same issue has already been determined by a court of competent jurisdiction, which allegation is denied by the plaintiff, it is incumbent upon the defendant to prove the

jurisdiction of the court which he alleges rendered the former decision. (C. S., sec. 6711; 15 Stand. Ency. of Proc. 434; *Jolly v. Foltz,* 34 Cal. 321; *Swain v. Marsh,* 12 Cal. 286; *Whitewell v. Barbier,* 7 Cal. 54; 23 Cyc. 1302.)

A defendant alleging *res adjudicata* as his sole defense must prove upon the trial that the issues in the prior adjudication were identical with the ones in suit. (15 R. C. L. 1049, 1050; *Slater v. Skerving,* 51 Neb. 108, 66 Am. St. 444, 70 N. W. 493; *Broxton v. Nelson,* 103 Ga. 327, 68 Am. St. 97, 30 S. E. 38; *Keith v. Philadelphia,* 126 Pa. St. 575, 17 Atl. 883; *Water Commrs. v. Cramer,* 61 N. J. 270, 68 Am. St. 707, 39 Atl. 671; *Faires v. McLellan* (Tex. Civ.), 24 S. W. 365; *Williamson v. Foreman,* 23 Ind. 540, 85 Am. Dec. 475.)

O. A. Johannesen, for Respondent.

The docket of a probate court, containing the requisite entries in a civil action, is *prima facie* evidence of a judgment rendered, and that such judgment is based upon sufficient facts. (*Rauer v. Justice Court,* 115 Cal. 84, 46 Pac. 870; *Evans v. Martin,* 76 Or. 540, 148 Pac. 1119; *In re Baum,* 61 Kan. 117, 58 Pac. 958; *O'Donnell v. Wade,* 151 Mich. 103, 114 N. W. 871; *Stageman v. Frazer,* 161 Mich. 35, 125 N. W. 769; *Bumgarner v. First Nat. Bank,* 70 W. Va. 787, 74 S. E. 996; *Moren v. American Fire Clay Co.,* 44 W. Va. 42, 28 S. E. 728; *Subim v. Isador,* 88 Ill. App. 96; *Barnes v. Mechanics' Sav. Bank,* 22 Ga. App. 214, 95 S. E. 757.)

DUNN, J.—The plaintiff, who at the time of bringing this action was under seventeen, in September, 1920, purchased of the defendant a fur coat for the sum of $215. About January 31, 1921, she returned the coat, and about March 7, 1921, notified defendant that she elected to disaffirm the agreement of purchase and thereupon demanded the return of the purchase price, which defendant refused. She then brought this action in the probate court of Bonneville county. The answer of defendant attempts to plead a judgment in a

former action between the same parties on the same cause in the justice court of Idaho Falls precinct as a bar to this action. No attempt has been made to plead said judgment in the manner provided by C. S., sec. 6711, and although the sufficiency of the answer with regard to this defense is not challenged it may well be doubted whether there is a sufficient pleading of such judgment. A party is not required to follow the statutory method of pleading a judgment, but if he elects to state facts instead of following the statutory plan he must set out all the facts necessary to confer jurisdiction. (23 Cyc. 1527, 1528.)

The answer contains no denials of the allegations of the complaint, which therefore, under C. S., sec. 6717, are deemed admitted.

On the trial of the case in the probate court, in support of its plea of *res judicata,* defendant offered in evidence the transcript of the docket in the justice court of Idaho Falls precinct. This was admitted over the objection of appellant, but proved nothing. No competent evidence was offered identifying the controversy in the justice court with that in the probate court, nor was any testimony offered showing jurisdiction of the justice court to determine the matter in controversy. The probate court entered judgment against the plaintiff and an appeal was taken to the district court on questions of law, where, upon examination of the matter, the judgment of the probate court was affirmed.

Appellant brings the case here on one assignment of error, viz.:

"The probate court erred in entering judgment of dismissal against the plaintiff and in failing to enter judgment for the plaintiff as prayed for in the complaint. The district court was in error in confirming this erroneous judgment of the probate court, and failing to enter judgment for the plaintiff."

We think the contention of appellant must be sustained. The allegations of the complaint were admitted by failure to deny. The sole defense that respondent attempted to plead, *res judicata,* as has already been pointed out, failed of proof.

In the case of *Mason v. Ruby,* 35 Ida. 157, 204 Pac. 1071, this court said:

"In the case of *Russell v. Place,* 4 Otto (94 U. S.), 606, 24 L. ed. 214, it was said by Justice Field: 'A judgment of a court of competent jurisdiction, upon a question directly involved in one suit, is conclusive as to that question in another suit between the same parties; but to this operation of the judgment it must appear, either upon the face of the record, or be shown by extrinsic evidence, that the precise question was raised and determined in the former suit. If there be any uncertainty on this head in the record, the whole subject matter of the action will be at large and open to a new contention, unless this uncertainty be removed by extrinsic evidence showing the precise point involved and determined.' "

The judgment of the district court is reversed, with direction to remand the case to the probate court of Bonneville county with instructions to enter judgment for the appellant. Costs to appellant.

McCarthy, William A. Lee and Wm. E. Lee, JJ., concur.