(No. 5614.   February 27, 1931.)

THE SOUTH BOISE WATER COMPANY, a Corporation,
Appellant, v. JAMES McDONALD, Respondent.

[296 Pac. 591.]

J. B. Eldridge, for Appellant.

Karl Paine, for Respondent.

VARIAN, J.—Appellant brought this action to recover from respondent, the owner of a canal and water right furnishing water to certain lands in South Boise, $436 paid under protest as rental for carrying its water through the Ridenbaugh-Rossi Mill Ditch, for the year 1928 and a like sum for the same service in the year 1929. The complaint also prayed that respondent be enjoined from interfering with the diversion of water through the Drake-Miner and Porter Ditch and headgates. Appellant alleged a right to 400 inches of the waters of Boise River, measured under a four-inch pressure and appropriated through said last-named ditch with priority of date 1865. The answer denied generally the allegations of the complaint and plead *res adjudicata* as a defense. Plaintiff appeals from a judgment for defendant. There is no dispute as to the facts, respondent relying upon his plea of *res adjudicata*.

On July 24, 1920, appellant and one M. Fitzpatrick, as plaintiffs, commenced an action in the third judicial district court, for Ada county, against William Ridenbaugh and Bird Calloway, defendants, wherein findings of fact, conclusions of law and judgment were entered from which no appeal was taken. In said action plaintiffs alleged that they were the owners of a water right of approximately 400 inches

measured under a four-inch pressure taken from the south side of the Boise River through what is known as the Ridenbaugh-Rossi Mill Ditch, and also owners of a sufficient interest in said ditch to carry said 400 inches of water. The defendants in said action denied said allegations and affirmatively plead *res adjudicata* and also set up an order of the board of county commissioners of Ada county made pursuant to the provisions of C. S., sec. 5641 et seq., fixing maximum rates of compensation for the use of water from "Ridenbaugh Mill Ditch and Water Right" dated April 12, 1915, which order had not been appealed from and was in full force and effect. In said former action the court found there had been theretofore awarded said Ridenbaugh-Rossi Mill Ditch, for the irrigation of the lands under it, 460 inches of the waters of Boise River, with a priority date of June 1, 1865, for the irrigation of lands under said ditch, including the lands of the plaintiffs in said former action, in an action wherein the Farmers Co-operative Ditch Company was plaintiff and Riverside Irrigation District Ltd. and others were defendants, including W. H. Ridenbaugh and A. Rossi, the grantors and predecessors in interest of Bird Calloway. (*Farmers' Cooperative Ditch Co. v. Riverside Irr. Dist.*, 16 Ida. 525, 102 Pac. 481.) The court herein found that said "Ridenbaugh Mill Ditch and Water Right" is the ditch referred to as the "Ridenbaugh-Rossi Mill Ditch" in the amended complaint in the former action; that after said order of the board of county commissioners was made and before said former action was commenced the Ridenbaugh-Rossi Mill Ditch and water right was conveyed to Bird Calloway and that W. H. Ridenbaugh, one of the grantors, was made defendant in said former action under the name of William Ridenbaugh. By the findings and judgment in the former action it was ordered that Bird Calloway was the owner of said Ridenbaugh-Rossi Mill Ditch, and that neither of the plaintiffs therein owned any interest in, nor any right to convey water through said ditch, nor to have water delivered through said ditch except upon payment of a reasonable rental therefor.

It was likewise adjudged in said action that M. Fitzpatrick was the owner of the right to the use of nine-tenths of one cubic second-foot of the waters of Boise River, to be delivered through said Ridenbaugh-Rossi Mill Ditch at a point described therein; and that plaintiff, South Boise Water Company was the owner of the right to the use of seven and one-tenth cubic second-feet of water, to be diverted from said river and delivered through said canal at two certain lateral headgates diverting waters from the Ridenbaugh-Rossi Mill Ditch described in the said findings. The court in the instant case likewise found, upon sufficient evidence, that the reporter's notes of the testimony of said former action were not on file with the clerk of the court as required by C. S., sec. 6559; that their whereabouts were unknown; that the causes of action in said former action and in the present action are the same, the South Boise Water Company, claiming in both actions the right to convey water, in substantially the same amount, under the same water right, to the same lands for the same purpose, and through and by means of the same ditch, without paying any rental therefor; and that judgment in said former action was rendered upon the merits; that plaintiff, South Boise Water Company, in the former action is the plaintiff in this action; that the defendant herein is in privity with defendant, Bird Calloway, in said former action, and the owner, in the possession, and entitled to the possession of said Ridenbaugh-Rossi Mill Ditch and water right by virtue of a deed executed and delivered since the rendition and entry of findings and judgment in said former action.

As conclusions of law the court held that the subject of the present action is res adjudicata; that appellant has acquiesced in the sum charged by respondent, viz., $436 annually for carrying water through the Ridenbaugh-Rossi Mill Ditch for the irrigation of lands owned by appellant's stockholders for the years 1922, 1923, 1924, 1925, 1926 and 1927, and that said sum is a reasonable charge as such annual rental.

Over objection, appellant was permitted to prove that its predecessors in interest took out a ditch on the south side of the Boise River known as the Drake-Miner and Porter Ditch, whereby in 1865, 400 inches of water measured under the four-inch pressure were carried to the lands now owned by appellant's stockholders and put to a beneficial use; that in 1894, the predecessors in interest of respndent enlarged said ditch for the purpose of floating logs down to a sawmill owned by them and that appellant and its predecessors in interest continued to receive its 400 inches of water through said enlarged ditch. There is some further testimony to the effect that respondent's predecessors were permitted to enlarge the Drake-Miner and Porter Ditch upon condition that its then owners might carry their water through said enlarged ditch free of charge. Appellant contends, that while there is but one ditch physically, viz., the Ridenbaugh-Rossi Mill Ditch, there are two ditches in law, i. e., the Drake-Miner and Porter Ditch and said Ridenbaugh-Rossi Mill Ditch (in which it claims no interest), and that having mistakenly impleaded the latter ditch in the former action, it can still maintain the present action upon the theory that the rights of appellant in the Drake-Miner and Porter Ditch were not adjudicated in said former action. We do not agree in this conclusion. Any right to carry water through respondent's ditch claimed by appellant, both in this and the former action, is bottomed upon an appropriation made in 1865 of 400 inches of water diverted from Boise River through a ditch,—in this action the Drake-Miner and Porter Ditch, which the proof shows, was greatly enlarged in 1894 by respondent's predecessors in interest. The enlarged ditch was thereafter known as the Ridenbaugh-Rossi Mill Ditch. Appellant sought in the former action the right to convey, free of charge, except for its proportionate share of the annual maintenance costs, 400 inches of water acquired under an appropriation made in 1865, through the enlarged ditch and now seeks the same relief, in the present action for the same water and for the

irrigation of substantially the same lands, through the same physical ditch. In view of the facts, the name applied to the conduit, whether Drake-Miner and Porter Ditch, or Ridenbaugh-Rossi Mill Ditch, is immaterial.

All the evidence in the instant case brings it well within the rules heretofore announced by this court under which the present cause of action becomes *res adjudicata*, because of the identity of the parties, identity of the causes of action, identity of the thing sued for and the quality of the persons for or against whom the claims are made. (*Marshall v. Underwood*, 38 Ida. 464, 221 Pac. 1105; *Jensen v. Berry & Ball Co.*, 37 Ida. 394, 216 Pac. 1033; *Mason v. Ruby*, 35 Ida. 157, 204 Pac. 1071; *Wood River Power Co. v. Arkoosh*, 37 Ida. 348, 215 Pac. 975; *Rogers v. Rogers*, 42 Ida. 158, 243 Pac. 655.)

Since the former judgment was on the merits, and appellant here was also plaintiff in the former action, it is not material that M. Fitzpatrick, its coplaintiff in the former action, is not a party in the instant action. (34 C. J. 757, sec. 1166.) If appellant now assumes that it was asserting some other claim to an interest in the Ridenbaugh-Rossi Ditch in the former action, than that arising because of the enlargement of the old Drake-Miner and Porter Ditch, it is nevertheless bound by the judgment in the former action. "We think the correct rule to be that in an action between the same parties upon the same claim or demand, the former adjudication concludes the parties and privies not only as to every matter offered and received to sustain or defeat the claim but also as to every matter which might and should have been litigated in the first suit." (*Joyce v. Murphy Land etc. Co.*, 35 Ida. 549, 208 Pac. 241, 242.)

The admission in evidence of an order of the board of county commissioners of Ada county, made April 12, 1915, pursuant to C. S., sec. 5641 et seq., is assigned as error. Appellant contends that said board was without authority to make said order and that the Public Utilities Commission alone had jurisdiction to fix rates in the premises. This

question is not presented by the pleadings. The court did find the rate so fixed was reasonable and that it had been acquiesced in by appellant for many years. In the former action the court found that respondent's predecessor was entitled to charge a reasonable rental for conveying appellant's water through the Ridenbaugh-Rossi Mill Ditch. Appellant was not prejudiced and the court did not err in admitting this order in evidence.

Having held the charges paid under protest valid and reasonable and appellant's cause of action *res adjudicata,* there was no necessity for findings upon other issues tendered by appellant since such findings could not countervail the findings made (*Marysville Dev. Co. v. Hargis,* 41 Ida. 257, 239 Pac. 522; *Storey & Fawcett v. Nampa etc. Irr. Dist.,* 32 Ida. 713, 187 Pac. 946; *Cleveland v. Mochel,* 48 Ida. 37, 41, 279 Pac. 410) or change the judgment in respondent's favor. (*Hertel v. Emireck,* 178 Cal. 534, 174 Pac. 30; *Gornstein v. Priver,* 64 Cal. App. 249, 221 Pac. 396.)

Judgment affirmed; costs to respondent.

Lee, C. J., and Givens and McNaughton, JJ., concur.