(No. 5788.   April 2, 1932.)

L. E. GLENNON, Respondent, v. LAURA S. GEERTSON FISHER, LEONORA GEERTSON ENMAN, LILLIAN GEERTSON, GEORGINE M. GEERTSON KELLY, and LEWIS FRANK GEERTSON, Appellants.

[10 Pac. (2d) 294.]

E. W. Whitcomb, for Appellants.

L. E. Glennon and F. A. McCall, for Respondents.

LEE, C. J.—Plaintiff and respondent, Glennon, sued defendants and appellants, Lillian Geertson et al., for professional services rendered. Trial on May 29, 1931, resulted in a verdict against four of them as follows: "We, the jury, duly impaneled and sworn to try the above entitled cause, find for the plaintiff, and against the defendants, and each of them, in the sum of $125.00." The verdict returned by the foreman was upon interrogation by the court confirmed by the jury. Judgment was not entered within the succeeding twenty-four hours, due to disagreement between parties and counsel as to the sum for which the jury actually intended to return a verdict.

On June 1st, respondent moved the court to order the clerk to enter judgment against said defendants "in conformity with the findings of the jury, . . . . jointly and severally in the sum of $500.00." Attached to the motion and made a part of it was the affidavit of ten of the panel deposing:

"That upon the final ballot taken the jury unanimously voted in favor of the plaintiff and against all of the defendants above named for the sum of $500.00; that there was some discussion among the jurors as to how said amount should be written in the verdict, and it was determined that,

in view of the wording of the form of verdict submitted by the court, that the amount should be entered as $125.00 against each of the four defendants; and that it was the understanding of the jurors that the verdict with the amount so written in constituted a verdict for the sum of $500.00."

Appellants moved to strike this affidavit upon the ground that it was "improper, incompetent, inadmissible and contrary to law." The court denied the motion to strike and ordered the clerk to correct the returned verdict to conform to the decision of the jury, awarding the plaintiff the sum of $500 as against all of the defendants, and to enter the judgment accordingly. From the order and judgment so entered on July 8th defendants appealed, their several specifications of error being reducible to two contentions, viz.: That the court was without jurisdiction to make the order complained of and that it erred in permitting the jurors to impeach their verdict by affidavit.

Supporting the first contention, appellants rely upon C. S., sec. 6895, providing that "judgment must be entered by the clerk, in conformity to the verdict, within 24 hours after the rendition of the verdict, unless the court order the case to be reserved for argument or further consideration, or grant a stay of proceedings." Since the court made none of the orders detailed, it is insisted that entry of judgment within twenty-four hours was mandatory and the court thereafter unauthorized to make any order affecting the returned and filed verdict at all.

The twenty-four hour limitation for entering judgment is not mandatory but directory only. That the work of a court and jury cannot be nullified by the tardiness or refusal of an officer to perform a merely ministerial duty is too patent to admit of argument. At the time the verdict was returned, there was no call for the court to make any order specified in the statute; as far as it was advised, there was nothing more to be done. But, thereafter, it was called to the court's attention that the verdict was in fact no verdict, in that it did not express the true

intention of the jury. The agreement actually had by the jurors behind closed doors, and not the written paper handed up by the foreman and by the clerk filed, was the real verdict. (27 R. C. L. 900, sec. 74.) Courts of record have inherent power, irrespective of statute, to make their records speak the truth. (*Haddock v. Jackson, ante,* p. 560, 8 Pac. (2d) 279; *State v. Winter,* 24 Ida. 749, 135 Pac. 739.) Such power is not lost by lapse of time. *State v. Douglass,* 35 Ida. 140, 208 Pac. 236; *T. Wilce Co. v. Royal Indemnity Co.,* 289 Ill. 383, 124 N. E. 635, declaring in effect that where no judgment was rendered on a verdict until after it had been put in proper form by the court, there was no loss of jurisdiction, though the action in re-forming the verdict was at a term subsequent to that of its rendition.

Appellants earnestly submit that a juror may not be permitted to impeach his verdict. That is not what happened here. Before any attempt to impeach, there must be a verdict rendered. There must be a positive declaration which the juror seeks to qualify or revoke. Here, the jurors returned a form of verdict, honestly believing it expressed their decision, whereas it signally failed to do so. It was the court's duty, when so apprised, to cause such correction as would enable the filed paper to reflect the true verdict. Speaking directly, this court in *Drainage District No. 2 v. Extension Ditch Co.,* 32 Ida. 314, 182 Pac. 847, said at page 325:

"This is not a question of impeaching a verdict, but correcting it to conform to what was actually found and intended to be returned by the jury. The rule is that the court may permit the jury to fortify its verdict or to show by the affidavits of the jurors the verdict which they found and intended to return, and this may be done after they have been discharged."

Especially illuminating is the cited case of *Wirt v. Reid,* 138 App. Div. 760, 123 N. Y. Supp. 706. In no succeeding case has this court receded from the rule announced in

*Drainage District No. 2 v. Extension Ditch Co., supra.* Had the affidavit complained of figured in a motion for new trial, appellants' citations might have been in point. Upon such a motion, however, the use of affidavits by jurors is in this state restricted to chance verdicts only. (C. S., sec. 6888.)

Order and judgment affirmed; costs to respondent.

Budge, Givens, Varian and Leeper, JJ., concur.