(No. 6331. April 2, 1937.)

PHEBY EVANS, Appellant, v. FRANK G. DAVIDSON and THE BOISE GROCERY COMPANY, INC., a Corporation, Respondents.

[67 Pac. (2d) 83.]

James W. Galloway, Maurice H. Greene and George Donart for Appellant.

Richards & Haga for Respondents.

GIVENS, J.—October 24, 1934, between 3 and 5 o'clock P. M., an automobile being driven south on the main state highway about five miles north of Cascade, by Ezra Evans, with whom was riding his wife, Pheby Evans, collided with an automobile driven north by respondent Frank G. Davidson, concededly on business for the other respondent, his employer, severely injuring all three; Mr. Evans later dying therefrom. Mrs. Evans individually brought suit for her own personal injuries, and a separate suit as administratrix of her husband's estate on behalf of herself and their grown children, his heirs, against both respondents for the death of Ezra Evans.

Both complaints charged respondent Davidson with negligence by reason of terrific speed and swerving to his left, or wrong side of the highway. In Mrs. Evans' separate action her injuries were detailed and $20,000 damages asked therefor and $700 for medical treatment, etc.

In the administratrix' action the grounds of negligence were the same but instead of her injuries, Ezra Evans' death was alleged, the names and residences of their six grown children, that the suit was with their consent and acquiescence, and that by reason of the death of Ezra Evans, Mrs. Evans was deprived of his support, maintenance, and financial benefits, and that she and the children were deprived of his society, companionship, aid, advice, and counsel, and that in his lifetime he was in good health, of industrious habits, and capable of earning goods wages for his and Mrs. Evans' support; and a second cause of action for damages to the Evans' car.

The answers admitted the employment of Davidson by respondent company, but denied all the other material allegations and in the Pheby Evans' case affirmatively charged her with contributory negligence, but did not set up any contributory negligence on the part of Ezra Evans. In the administratrix' action, contributory negligence of Ezra Evans was affirmatively alleged, and by counterclaim and cross-complaint, respondent company sought damages for the automobile Davidson was driving and he sought damages for his injuries in the sum of $6,000 and medical and hospital expenses.

At the trial it was stipulated that the damage to the Evans' car was $175, and the amount of her expenses for medical treatment, etc., were admitted without objection, also the damage to respondent's automobile and the hospital and medical expenses incurred by Davidson were stipulated, and that Ezra Evans died by reason of the accident.

The cases were consolidated for trial and the jury returned a verdict in the Pheby Evans case in her favor for $14,000. In the other case the jury returned this verdict:

"We, the jury in the above entitled action, find against the plaintiff on both of her causes of action, and against both defendants upon their cross-complaints.

"HOWARD E. CAMPBELL

"Foreman."

Nothing further was done in the administratrix' case. In the Pheby Evans case the court granted respondents' motion for a new trial. Thereafter the case was set for trial, whereupon respondents moved for an order vacating and setting aside the case and for an order that the verdict of the jury was due to instructions 18 and 19, claimed to be erroneous, upon which the new trial had been granted, and asserting that if they had not been given, the verdict would have been the same as in the administratrix' case, and for judgment including costs in respondents' favor with prejudice, with an affidavit in substance reciting the above history of the proceedings accompanied by a supplemental answer, and the court entered judgment in respondents' favor reciting substantially in the words of the request:

" . . . . (b) That the question of the contributory negligence of Ezra Evans, as a proximate cause of the accident which caused the death of said Ezra Evans and the injuries to plaintiff described in the complaints in said actions, was involved and an issue in said actions, and the jury by their verdict in the action wherein said Pheby Evans, as Administratrix of the Estate of Ezra Evans, deceased, was plaintiff (Cause No. 14603), found, concluded and determined that the negligence of Ezra Evans contributed to said accident to an extent that barred said Pheby Evans, as Administratrix of his Estate, from recovering any judgment against the defendants, or either of them.

"(c) That the verdict so rendered by the jury in Cause No. 14603 was based upon the same evidence and was rendered by the same jury and at the same time as the verdict in this cause, wherein said Pheby Evans, individually, is plaintiff. That the verdict in this action (Cause No. 14602) wherein said Pheby Evans, individually, is plaintiff, was due to the erroneous instructions given by this court as to the effect of the contributory negligence of Ezra Evans upon the right of Pheby Evans to recover for her personal injuries; that the verdict so rendered in favor of said Pheby Evans in Cause No. 14602 and the judgment entered thereon in her favor were vacated and set aside on the motion of the defendants for a new trial in said cause by order duly made, filed and entered herein on August 8, 1935.

"(d) That on the 13th day of June, 1935, judgment was duly made, entered and filed in favor of the defendants upon the verdict of the jury in said Cause No. 14603, wherein Pheby Evans, as Administratrix of the Estate of Ezra Evans, deceased, was plaintiff, and said judgment has now become final and all questions determined thereby and by the verdict in said cause are binding upon all who were parties to said action, including the said Pheby Evans, individually.

"(e) That plaintiff herein is now estopped by the verdict rendered and the judgment entered thereon in said cause No. 14603 from relitigating in the present action, wherein said Pheby Evans, individually, is plaintiff, the question and issues considered and determined in and concluded by said Cause No. 14603, and there is now no issue of fact for sub-

mission to a jury if a retrial be had herein, but there remains only the entry of judgment herein on the issues considered, determined and concluded by the verdict and judgment in said cause No. 14603, and in harmony therewith.

"It is, THEREFORE, ORDERED, CONSIDERED, ADJUDGED AND DECREED, That plaintiff take nothing by this action, and that defendants have and recover their costs herein, taxed at ———."

No appeal was taken from the order granting a new trial. The appeal is from the last judgment above mentioned, justified by respondents on the theory that, in the administratrix' case, the jury necessarily conclusively, definitely, and definitively determined that Ezra Evans was guilty of contributory negligence which thus absolutely bars relief in the Pheby Evans case.

Preliminary to a discussion of this decisive point, certain adjunctive features should and will be disposed of. First, appellant in aid of showing that the jury did not by their verdict find Ezra Evans guilty of contributory negligence in the administratrix' case, filed affidavits of some of the jurors who rendered the verdict. Respondents take the position that the affidavits were not admissible for this purpose. They were filed long after rendition of the verdict, and the situation is therefore distinguishable from *Groefsema v. Mountain Home Co-op. Irr. Co.,* 33 Ida. 86 at 94, 190 Pac. 356, and *Glennon v. Fisher,* 51 Ida. 732 at 736, 10 Pac. (2d) 294. In *Drainage Dist No. 2 v. Extension Ditch Co.,* 32 Ida. 314, 182 Pac. 847, though the affidavits were filed after rendition of the verdict, they were used to show *what* verdict was rendered, thus for the same purpose as in *Groefsema v. Mountain Home Co-op. Irr. Co., supra,* and *Glennon v. Fisher, supra,* not *why* or the *reasons* for its rendition as herein, hence that case is likewise distinguishable and the affidavits were not admissible.

Respondents also contend that no appeal having been taken from the order granting a new trial, this court cannot now go back of that order, and for purposes of this case we proceed upon that theory as correct. (Secs. 11-201, 11-219, I. C. A.) Respondents also contend that there is such identity of interest between Mrs. Evans' case as administratrix

and heir to Ezra Evans that she is bound as a party by the adjudication in the second case. We grant this theory to be correct for purposes of this case as to those issues clearly, unequivocally, actually, and necessarily determined therein, and proceed to a discussion of whether there was such similarity of issue or cause of action and essential allegations *pro* and *con* in the two cases, that considered with the testimony, pleadings, and verdict, the conclusion is inevitable that the jury found Ezra Evans guilty of contributory negligence.

This court has held the test of *res judicata* to be identity of the right sued for, identity of cause of action, and identity of parties. (*Neil v. Hyde,* 32 Ida. 576, 186 Pac. 710.) If the issues are not identical, a former judgment is not *res judicata*. (*Wood River Power Co. v. Arkoosh,* 37 Ida. 348 at 355, 215 Pac. 975.)

Amplifying this statement the court has further said:

"The true test is identity of issues. If a particular point or question is in issue in the second action, and the judgment will depend upon its determination, a former judgment between the same parties will be final and conclusive in the second action if that same point or question was in issue and adjudicated in the first suit, otherwise not. *And in order that this rule should apply, it must clearly and positively appear, either from the record itself or by the aid of competent extrinsic evidence, that the precise point or question in issue in the second suit was involved and decided in the first.* (*Jensen v. Berry & Ball Co.,* 37 Ida. 394, 216 Pac. 1035; 23 Cyc. 1500.)" (Emphasis ours.) (*Marshall v. Underwood,* 38 Ida. 464 at 466, 221 Pac. 1105.)

A statement of similar import being contained in *Jensen v. Berry & Ball Co.,* 37 Ida. 394, 216 Pac. 1033, cited with approval there as follows:

" . . . . 'A judgment of a court of competent jurisdiction, upon a question directly involved in one suit, is conclusive as to that question in another suit between the same parties; but to this operation of the judgment it must appear, either upon the face of the record, or be shown by extrinsic evidence, that the precise question was raised and determined in the former suit. If there be any uncertainty on this head

in the record, the whole subject matter of the action will be at large and open to a new contention, unless this uncertainty be removed by extrinsic evidence showing the precise point involved and determined.' ''

*Idem, Mason v. Ruby,* 35 Ida. 157, 204 Pac. 1071. Again: ''The test is, was the *question* actually and directly in issue and *judicially determined* in the former suit between the same parties or their privies by a court of competent jurisdiction?'' (Emphasis ours.) (*Hilton v. Stewart,* 15 Ida. 150, at 163, 96 Pac. 579, 128 Am. St. 48; *Rogers v. Rogers,* 42 Ida. 158 at 161, 243 Pac. 655; *Collard v. Universal Automobile Ins. Co.,* 55 Ida. 560 at 570, 45 Pac. (2d) 288.)

It must appear either upon the face of the record or be shown by extrinsic evidence that the precise question was raised in the former suit. (*Mason v. Ruby, supra; Jensen v. Berry & Ball Co., supra.*)

*Village of Heyburn v. Security S. & T. Co.,* 55 Ida. 732, 49 Pac. (2d) 258, upon careful analysis supports and is in harmony with the above statements, the opinion saying as amounting to *res judicata*:

'' . . . . In the former action the jury and court decided that the bonds were illegally issued and were void and that the coupons were uncollectible . . . . ''
thus showing it could be ascertained unequivocally what issues were determined.

If in the administratrix' case, the jury had found for the plaintiff, it would have been a conclusive finding that Ezra Evans was not guilty of contributory negligence because that was an obstruction to be surmounted before such a verdict could have been lawfully rendered, and the jury would have thus had to determine adversely to respondents before it could return a verdict in favor of appellant, but the converse is not true because the material allegations made in the first amended complaint (in the administratrix' action) were that the adult Evans children had consented to the prosecution of the case by Mrs. Evans on their behalf as well as hers, that Ezra Evans in his lifetime was capable of and did make a living for himself and wife, that by his death his wife was deprived of this support and she and the children

of his companionship, as a valuable asset, which allegations were denied. There was no evidence as to damage because of loss of companionship except the mere testified relationships. It was thus not an inevitable and inescapable conclusion that the jury found that Ezra Evans was guilty of contributory negligence as a basis of their denial of damages because of his death, as to the administratrix; as a matter of fact it is more reasonable to suppose, because there was evidence *pro* and *con* as to contributory negligence, that the jury considered there was no justifying compensable companionship, than that he was guilty of contributory negligence.

While the issues in each of the two actions should be kept distinct, nevertheless, when we come to consider what the jury passed upon in their two verdicts, we cannot overlook the effect of the consolidated trials, and the legitimate balancing of recoveries by the jury. Respondents argue however, that if the jury had found that Evans was not guilty of contributory negligence they would inevitably have returned a verdict for damages to the Evans' car, stipulated to be worth $175. By the same reasoning, if the jury had found Evans guilty of contributory negligence, they should have awarded Davidson the undisputed amount of his hospital and medical expenses and damage to the company car. Thus this argument leaves the matter in stalemate.

*Duff v. Duff*, 101 Cal. 1, 35 Pac. 437, *Flinn v. Mowry*, 131 Cal. 481, 63 Pac. 724, *Mercantile Trust Co. of San Francisco v. Sunset Road Oil Co.*, 176 Cal. 458, 168 Pac. 1036, and *Egan v. Crowther*, 74 Cal. App. 674, 241 Pac. 900, cited by respondents in support of their theory that the issue of contributory negligence was so decisively determined that there can be no retrial of the Pheby Evans case were cases where there was no jury, and the findings therefore conclusively show the basis of the judgments.

In *Hall v. Zeller*, 17 Or. 381, 21 Pac. 192, there was a jury. That case however, upon analysis, supports appellant, in this: The court as its central premise stated: "There is no uncertainty in the case before us what matters were litigated and determined in the former action. They are fully disclosed by the record." The same thought further noted in

*Bijou Irr. Dist. v. Weldon Valley Ditch Co.*, 67 Colo. 336, 184 Pac. 382, cited by respondents:

"Matters which follow by necessary and inevitable inference from the judgment—findings or determinations of the Court in relation to the subject-matter of the suit which are necessarily implied from its final decision, as being determinations which it must have made in order to justify the judgment as rendered—are equally covered by the estoppel as if they were specifically found in so many words; or, in other words, it is allowable to reason back from the judgment to the basis on which it stands, and, regarding the judgment as a conclusion, and finding it to be one which could have been drawn only from certain premises, the premises are equally *res judicata* with the conclusion itself."

Furthermore, *Mitchell v. Rasey*, 189 Cal. App. 350, 33 Pac. (2d) 1056, citing *Quevedo v. Superior Court*, 131 Cal. App. 698, 703, 21 Pac. (2d) 998, relied on by respondents holds adversely to respondents as to the trial court's right to enter a judgment of dismissal as was done herein, after a new trial was granted, and furthermore these California cases in so far as they support respondents were based upon section 662 of the California Code of Civil Procedure, which section we do not have.

*Winters v. Bisaillon*, 153 Or. 509, 57 Pac. (2d) 1095, emphasizes the point we are making:

" 'It is settled law in this state, as elsewhere, that a judgment or decree rendered upon the merits is a final and conclusive determination of the rights of the parties, and a bar to a subsequent proceeding between them upon the same claim or cause of suit, not only as to the matter actually determined, but as to every other matter which the parties might have litigated and had decided as incident to or essentially connected therewith, either as a matter of claim or defense (citing cases) but that when the action is upon a different claim or demand the former judgment can only operate as a bar or an estoppel *as against matters actually litigated or questions directly in issue in the former action (citing cases). This distinction should always be kept in mind in considering the effect of a former judgment or decree. If the second action or defense is upon the same claim or demand the*

*former judgment is a bar not only as to matters actually determined, but such as could have been litigated; but, if it is upon another claim or demand, the former judgment is not a bar, except as to questions actually determined or directly in issue.' "* (Emphasis ours.)

But stressing our analysis of this matter, we have the action of respondents and the trial court indicative of their realization of the importance of the distinguishing issues between the two actions.

On cross-examination of Mrs. Evans the following proceedings took place:

"Q. I was asking you about the rooming house you had over at Nampa and I asked you whether it was yours and you said, 'no,' it was yours and Mr. Evans.' Do you remember when the peace officers were up there?

"Mr. DONART: That is objected to as not having any place in this lawsuit, about any Nampa peace officers.

"Mr. EBERLE: I will withdraw the question.

"Q. Do you remember when Judd Sumners was up there last fall?

"Mr. DONART: Same objection.

"The COURT: I did not get the question.

"Mr. EBERLE: It is merely .a preliminary question. I don't know whether it is objectionable or not.

"The COURT: She may answer that.

By Mr. EBERLE:

"Q. Would you say he was up there?

"A. He could have been there.

"Q. When was he there?

"A. He was up there.

"Q. About when was he there?

"A. I don't know.

"Q. About September, in the fall?

"A. Some time.

"Q. And didn't you say to him in substance that you were running the rooming house and you took the responsibility and it was yours and not Mr. Evans'?

"Mr. DONART: Just a minute. That is objected to as being wholly immaterial as to who was running that rooming house.

"Mr. EBERLE: We are going to show that Mrs. Evans' statements were incorrect as to Mr. Evans working and doing anything and as to this phase of it, and I was going to show that he was not working during that time and doing nothing whatever, and just simply to contradict her testimony that he was working all the time.

"Mr. DONART: I don't believe impeachment is hardly permitted on an immaterial matter.

"The COURT: *I think it would be material on the question of support he was furnishing to her. As I understand (I don't want to discuss it before the jury—I can submit the instructions as framed on that) my idea is that that is material. You may answer. Read the question.*

" (The reporter read the question.)

"A. No." (Emphasis ours.)

The quotation from 2 Freeman on Judgments, sec. 670, p. 1412, given by respondent emphasizes and makes clear the distinction:

"There is no doubt that a final judgment or decree *necessarily* affirming the existence of any fact is conclusive upon the parties or their privies. . . . . " (Emphasis ours.)

■ Since a new trial was granted and we may not go back of that order, we must consider the pleadings and no contributory negligence on the part of Ezra Evans is set up as a defense in the personal action of Pheby Evans, so that issue though necessarily determined in the administratrix' case, which it was not, is not even in the Pheby Evans case as a matter of pleading, so is no bar. It may be argued that nevertheless it was treated as an issue by both parties and the court in the Mrs. Evans personal case, but a new trial having been granted, the former trial is not properly before us for consideration.

■ The split verdicts in the administratrix' case do not even necessarily indicate that the jury based its conclusion, in the respective denials of relief, on the same ground. Other authorities might be examined and construed, but the above is sufficient to show that the issue of contributory negligence was not so necessarily and exclusively found by the jury as to justify the judgment of dismissal appealed from herein.

Reference in paragraph (c) of the judgment herein appealed from, to erroneous instructions given in the Pheby Evans case is by way of recital and not the reason for the granting of the judgment of dismissal. The basis of the judgment if dismissal was *res judicata* as to contributory negligence discussed above. The order granting the new trial not having been appealed from the correctness or incorrectness of the asserted erroneous instructions involved therein is not now properly before us on this appeal, therefore we do not consider or express any opinion thereon.

The judgment is reversed and the cause remanded with instructions to proceed with a new trial. Costs to appellant.

Morgan, C. J., and Holden, J., concur.

Petition for rehearing denied.