(No. 6596.    October 6, 1938.)

J. P. SEEBURG CORPORATION, a Corporation, Appellant, v. F. J. JOHNSON, JOHN N. HART and J. SIMMONS, Respondents.

[83 Pac. (2d) 432.]

Wilkie & Wilkie, for Appellant.

D. E. Rathbun and Kenneth S. Mackenzie, for Respondents.

MORGAN, J.—This action was commenced by appellant to recover damages alleged to have been sustained by it as a result of an injunction issued in a former action against it, brought by respondent Johnson. The other respondents are sureties on Johnson's injunction bond. Appellant sought to recover, in this action, for damages resulting from depreciation in value of certain property during the time the injunction was in force, and attorney's fees for services rendered in securing a dissolution thereof. After verdict in its favor for $155, it moved for a new trial and supported its motion by an affidavit signed by nine of the jurors in which they set forth, in effect, that they reached the conclusion that said amount should be awarded plaintiff, appellant here, as damages for depreciation of the property. The affidavit further recites:

"We then took up the question of the attorney fees and after noticing that the verdict handed us did not mention attorney fees, but mentioned 'damages' only, we examined the Court's instructions to see what was said on that question, and, after considering the instructions and the form of the verdict furnished, decided that the Court did not intend to submit the question of attorney fees to us, and, for that reason, we did not consider the same."

The verdict was rendered March 16, 1938. It is not shown on what date the affidavit was made, but it was served April 5, 1938.

Appellant has specified that the court erred:

"First. In sustaining respondents' objections to the consideration of the affidavit signed by nine jurors.

"Second. In denying appellant's motion for a new trial."

With respect to the admissibility of affidavits, by jurors, to show the theory on which their verdict was based, we said in *Evans v. Davidson*, 57 Ida. 548, 554, 67 Pac. (2d) 83, 85:

"Respondents take the position that the affidavits were not admissible for this purpose. They were filed long after rendition of the verdict, and the situation is therefore distinguishable from *Groefsema v. Mountain Home Co-op. Irr. Co.*, 33 Ida. 86 at 94, 190 Pac. 356, and *Glennon v. Fisher*, 51 Ida. 732 at 736, 10 Pac. (2d) 294. In *Drainage Dist. No. 2 v. Extension Ditch Co.*, 32 Ida. 314, 182 Pac. 847, though the affidavits were filed after rendition of the verdict, they were used to show *what* verdict was rendered, thus for the same purpose as in *Groefsema v. Mountain Home Co-op. Irr. Co.*, *supra*, and *Glennon v. Fisher*, *supra*, not *why* or the *reasons* for its rendition as herein, hence that case is likewise distinguishable and the affidavits were not admissible."

In *Evans v. Davidson*, 58 Ida. 600, 606, 77 Pac. (2d) 661, 663, discussing the affidavit mentioned in the case last above cited, we said:

"It appears therefrom, among other things, that appellants offered to prove that the jury considered Evans was on the wrong side of the road, and, consequently, was guilty of contributory negligence; in other words, appellants thereby offered to prove *why* the jury reached its verdict. This court held on the former appeal that affidavits of jurors showing

*why* or the *reasons* for the rendition of the verdict on the first trial were inadmissible. That holding is not only sound but it is also the law of this case. Applying that rule to the above-quoted offer of proof (being testimony by a juror as to what the jury did, and did not, consider or pass upon in reaching its verdict), it is clear that the trial court properly denied the offer."

Affidavits of jurors are not competent to show what their reasons were for rendering their verdict unless the case is brought within the scope of I. C. A., sec. 7–602, subsec. 2, which is as follows.

"2. Misconduct of the jury; and when any one or more of the jurors have been induced to assent to any general or special verdict, or to a finding on any question submitted to them by the court, by a resort to the determination of chance, such misconduct may be proved by the affidavit of any one of the jurors."

The order appealed from is affirmed. Costs are awarded to respondents.

Holden, C. J., and Ailshie, Budge and Givens, JJ., concur.